GREGORY (BURR v.). See Case No. 2,191.

GREGORY (FARRINGTON v.). See Case No. 4,688.

## Case No. 5,801.

### GREGORY v. HEWSON et al.

[1 Bond, 277.] [1]

Circuit Court, S. D. Ohio. June Term, 1859.

EXECUTION—ORDER FOR EXAMINATION—LIS PENDENS—CHATTEL MORTGAGE.

1. The circuit court of the United States, within the Southern district of Ohio, has adopted, as a rule of practice, the proceeding in aid of execution provided for by the Code of Ohio.

2. Where an order was issued by the court, requiring a defendant to appear for an examination touching his property, and after the issuing of the same, but prior to his appearance, he executes a chattel mortgage to certain creditors upon a large amount of stocks and bonds, such order of examination was not so far lis pendens as to render the mortgage a nullity.

3. The principle that where, at the instance of a judgment creditor, a third person has been cited to answer as to property and effects held by him belonging to the judgment debtor, such notice operates as lis pendens, and that the party, from the time of the service of the notice, can make no disposition of the property or effects in his hands, does not apply to the case of a judgment debtor, as to whom there has been a mere order for his examination, without an order restraining him from disposing of his property.

[This suit was brought by James B. Gregory against Hewson & Holmes and others.]

Thompson & Nesmith, for plaintiffs.

OPINION OF THE COURT. This is a proceeding under the Code of Ohio in aid of execution, which has been adopted by this court as a rule of practice. The facts necessary to notice are, that on the 20th of September last, the plaintiff obtained a judgment in this court against the defendants for $9,258.84, on which execution has issued, and which has been returned, no property to be found on which to levy. On the 27th of September, the plaintiff, on application to a judge of this court, procured an order for the examination of the defendants, touching his property, as authorized by the Code. In this order there was a clause restraining the de-

[1] [Reported by Lewis H. Bond, Esq., and here reprinted by permission.]

fendants from transferring or disposing of their property until the further order of the court. On the 28th of September, the defendants, by their counsel, made a motion for the rescission of the restraining clause in said order, on the ground that the plaintiff had made no showing authorizing such order. The judge thereupon suspended the operation of the restrictive clause till further cause was shown. On the 4th of October, a further affidavit having been filed, an order was made restraining the defendants from disposing of their property. On the same day, an examination of one of the defendants was had before a referee, which disclosed the fact that, on the 28th of September, defendants had executed a chattel mortgage to certain creditors, excluding the plaintiff Gregory, of a large amount of stocks, bonds, etc., being all in their possession or under their control at that time. The receiver appointed to take charge of the property and effects of defendants has reported that defendants were the owners of certain stocks, bonds, etc., amounting nominally to a large sum, of which he had demanded possession of defendants, but which they had refused to deliver, alleging that they had before mortgaged them to their creditors. The present motion is for an order on the mortgagee to deliver this property to the receiver. This motion involves the question of the validity of the chattel mortgage. The plaintiff insists that it is void, having been made after the institution of these proceedings, and therefore within the principle of a transfer lis pendens. From the foregoing statement of the facts, it appears that the chattel mortgage was executed on the 28th of September, the day after the order was made, suspending the operation of the restraining clause of the original order. There was, therefore, at the date of the mortgage, no operative order except that for the examination of the defendants by the referee. Was this order so far lis pendens as to render the mortgage a nullity? I am of the opinion that it can not be so regarded. There is no decision of the Ohio courts which gives this effect to a mere order for the examination of the judgment debtor. The supreme court of Ohio, in the case of Union Bank of Rochester v. Union Bank of Sandusky, 6 Ohio St. 256, hold that where, at the instance of a judgment creditor, a third person had been cited to answer as to property and effects held by him belonging to the judgment debtor, the notice operated as lis pendens, and that the party, from the time of the service of the notice, could make no disposition of the property or effects in his hands. But clearly this principle does not apply to the case of a judgment debtor, as to whom there has been a mere order for his examination, without an order restraining him from disposing of his property. The rights of creditors, claiming under the mortgage, are directly involved in this question, and it would

be clearly improper to make the order now requested, which would be decisive of the title of the mortgagees to the property embraced in the mortgage. It is too grave a question to be disposed of, in this summary way, without notice to the mortgagee, or giving him an opportunity to be heard in support of his title. There is obviously no necessity that the question should be thus disposed of. The plaintiff Gregory has a full opportunity, by a bill in chancery, in which all the persons interested must be made parties defendants, to assert his title to the property in question, while the creditors claiming under the mortgage will have their day in court, and the opportunity of sustaining the validity of the mortgage under which they claim. The motion is therefore overruled.