# SUPREME COURT.

CHARLES W. BARTLETT, appellant, agt. ALEXANDER McNIEL, respondent.

*Amendment of judgment roll — examination in supplementary proceedings.*

Where an order is made at special term amending a judgment roll, which simply conforms it to the conceded facts, and substantially to the facts sworn to by the plaintiff on obtaining the order of publication, on appeal the defendant appellant will be concluded by his admissions at a former special term, made to set aside the judgment, that he had property in this state at the time of the publication.

*Supplemental proceedings* are not authorized by the Code on a judgment not in personam.

*First Department, General Term, October,* 1874.

APPEAL from an order of the special term, allowing an amendment of the judgment roll.

*T. F. Donovan,* for appellant.

*Beebe, Wilcox & Hobbs,* for respondent.

DAVIS, *P. J.* — There are two appeals in this case. The first is from the order of the special term allowing an amendment of the judgment. The second from an order denying a motion that the court fix a time for defendant to appear and be examined in the supplemental proceedings. Both of these orders appear to us to be right. The order made at general term on the former appeal from an order refusing to vacate the judgment contains this recital, " and the said appellant by his counsel having admitted on the argument of said appeal

Bartlett agt. McNiel.

that he had property in this state at the time of the order of publication herein was made, which consisted of two thirty-seconds of the ship Eliza McNiel." This admission appears to have been one of thousands upon which the court affirmed the order below, " without prejudice to an application to be made at chambers to correct the said judgment in the recital or form thereof."

The motion was made at special term in conformity to this suggestion, and granted. It is doubtful whether the judgment was not void on its face without such recital, but on this point and on the question whether the recital cures it we express no opinion.

The amendment simply made the roll conform to the conceded facts, and substantially to the facts sworn to by plaintiff on obtaining the order of publication. In respect to the order denying the motion to fix the time for examination on the supplemental proceedings, it is enough to say that the judgment was not one *in personam*. The supplemental proceedings were not authorized by the Code on such a judgment.

Both orders should be affirmed, with ten dollars costs on each appeal, pending disbursements.

DANIELS and LAWRENCE, JJ., concurred.