Thomson, P. J.,
delivered the opinion of the conrt.
The appellee, as treasurer of Hinsdale county, brought suit in the county court of that county against the appellant, a resident of Mineral county, to recover taxes assessed against personal property of the latter, found in Hinsdale county. The defendant appeared, and moved to change the place of trial from Hinsdale county, to Mineral county, alleging in his application that he was, when the suit was commenced, and had for a long time previously been, a resident of Mineral county, and never had been a resident of Hinsdale county; that he was served with process in Mineral county; and that the action was not brought on a book account, or for goods sold and delivered, or upon any contract that was to be performed in Hinsdale county, or upon any bill of exchange or note payable in Hinsdale county. His application also set forth the defense which he proposed to make to the action, but with that we are not at present concerned.
Chapter 2 of the code provides for the place of trial of civil actions. Actions for the recovery of real property, or for injuries to real property, or for the foreclosure of mortgages on real property, are triable in the county where the property, *122 or some part of it, is situated. Certain other actions, of which this is not one, are triable in the county in which the cause of action, or some part of it, arose. In all other cases, actions shall be tried in the county in which the defendants, or any of them, may reside at the commencement of the action, or in the county where the plaintiff resides, when service is made on the defendant in such county, except that actions on book accounts, or for goods sold and delivered, may be tried in the county where the plaintiff resides, or in the county where the goods were sold; and except that actions on contracts may be tried in the county in which the contract was to be performed, and upon notes and bills of exchange in the county where they were made payable; and also except that actions for torts may be tried in the county where the tort was committed. This action does not fall within any of the classes of cases which are triable elsewhere than in the county where the defendant resides when the suit is commenced, or in the county where the plaintiff resides, if service is had on the defendant in that county, unless the duty to pay taxes arises out of contract, in which case a suit for their recovery may be tried in the county where the contract was to be performed. But a tax is not founded on contract, either express or implied, and no relation of debtor and creditor results from it. Perry v. Washburn, 20 Cal. 318; Pierce v. Boston, 3 Met. 520; Johnson v. Howard, 41 Vt. 122.
It is further provided in the same chapter that the court may, on good cause shown, change the place of trial when the county designated in the complaint is not the proper county. If the practice prescribed by the code of civil procedure is applicable to this action, as the action is not one for the trial of which in some county other than the defendant’s, or the plaintiff’s, if service is made there, provision is made by the code, when a change of the place of trial was applied for, the application being sufficient in form and uncontradicted, it became the duty of the court to order the removal of the cause to the county court of Mineral county. Pearse v. Bordeleau, 3 Colo. App. 351.
*123 But it is contended that this is a special action, the right to institute which does not exist outside of the statute, and that to determine the mode of procedure applicable to it, we must loot to the statute authorizing it, and not to the provisions of the code. We shall briefly examine this position. Section 2819 of the general statutes provides that if personal property which has been taxed, or any part of it, has been removed from the county in which it was taxed, or is so conditioned that the treasurer cannot find or obtain it for the purposes of distress and sale, then he shall sue the person taxed in an action of debt before any court of his county having jurisdiction, and may obtain judgment for the amount of the taxes, together with costs, interest and charges, and have execution against any of the property, real or personal, of the defendant. The foregoing is the only authority for the action. It empowers the treasurer to bring the suit, and provides that the action shall be brought before any court of his county having jurisdiction; but the form of action prescribed is debt. Debt is one of the common-law forms of action. It lies to recover a sum certain, without regard to the manner in which the obligation arose, or is evidenced. The statute was enacted before the first code of civil procedure went into effect, and while the practice in civil cases in this state was as at common law. The action was therefore to be instituted and prosecuted in accordance with the rules of practice in force at the time, and not according to any specially provided method of procedure. Afterwards, by the code, the common-law forms of action were abolished, and one form of action, denominated a civil action, substituted. The code supplanted the common-law modes of procedure, and thenceforth the institution and conduct of all suits were governed by its provisions, so that an action for the recovery of taxes, the form of which originally would have been debt, is now regulated and controlled by the code. The code provisions designating the proper county for the trial of a cause, and providing for a change of the place of trial where the suit is not commenced in that county, apply to all actions the pro *124 cedure in which is goyerned by the code; and as the suit at bar could not have been brought, or prosecuted, except in conformity with the practice prescribed by the code, they apply to it. That the treasurer must institute the suit in his own county, does not affect the question where it may .properly be tried. Since the code, any county is the proper county for the commencement of actions, but it may or may not be the proper county for their trial. The code went into effect after the enactment of the statute; and while the latter may still control as to the place of institution of the suit, its place of trial is regulated by the code.
The judgment will be reversed with instructions to the lower court to enter an order transferring the cause to the county court of Mineral county.

Reversed.