The Chicago and Northwestern Railway Co. *et al.*

*v.*

Frank E. Scott *et al.*

*Opinion filed October 24, 1898.*

Garnishment—*joint judgment will not support garnishment for a several debt.* A judgment creditor of two joint judgment debtors can not maintain garnishment to reach a debt owing to one of the joint judgment debtors individually. (*Siegel, Cooper & Co.* v. *Schueck,* 167 Ill. 522, followed.

*L. S. & M. S. Ry. Co. et al.* v. *Scott,* 67 Ill. App. 92, reversed.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. Thomas G. Windes, Judge, presiding.

Charles B. Keeler, William McFadon, and Arthur W. Pulver, for appellants.

Leon L. Loehr, and Rich & Stone, for appellees.

Mr. Justice Magruder delivered the opinion of the court:

This was an original garnishment proceeding, instituted in the circuit court of Cook county by Lucius B. Mantonya. The affidavit of garnishment, upon which the proceeding was founded, alleged that Lucius B. Mantonya recovered a judgment against Frank E. Scott and Ward Stockton in the circuit court of Cook county, at the February term, 1895, and that execution had been issued thereon and returned by the sheriff, "no property found;" and that the appellant railroad companies were indebted to said Frank E. Scott and Ward Stockton, or had effects or estate in their hands belonging to them. Service of process was had upon said railroad companies, to-wit: Chicago and Northwestern Railway Company, Chicago, Milwaukee and St. Paul Railway Company and Lake Shore and Michigan Southern Railway Company; and interrogatories were filed, wherein said companies, the garnishees, were required to answer whether, at the date of the service of the writ or since, they were indebted to said Scott and Stockton or either of them, or had in their possession, charge or control any moneys or effects due to said Scott and Stockton or either of them. The answers of the garnishees disclosed, that each of the companies owed a certain amount to Frank E. Scott, but that neither of them owed anything to Scott and Stockton, or held any property belonging to them. Exceptions were

filed to the answers, and overruled. Motions were made by the garnishees to quash the writ, and overruled. The plaintiff, Mantonya, moved for judgment against the garnishees upon their answers. Judgment was thereupon entered up against each one of the garnishees, the railroad companies, in favor of Frank E. Scott for the use of L. B. Mantonya for the respective sums admitted in the answers of the garnishees to be due to Frank E. Scott. On appeal to the Appellate Court the judgment was affirmed, but the Appellate Court granted a certificate of importance, and the garnishees bring the record here by appeal.

The material question here involved is whether a judgment creditor of two joint judgment debtors can maintain garnishment for a debt due to one of such debtors. This question was answered in the negative by this court in the recent case of *Siegel, Cooper & Co.* v. *Schueck*, 167 Ill. 522. As the railroad companies, who were garnisheed here, were not indebted to Scott and Stockton, no judgment could be rendered in favor of Scott and Stockton for the use of Lucius B. Mantonya. The amount due from the garnishees, the railroad companies, was in excess of the amount of the judgment upon which the garnishee proceeding was predicated; and, therefore, judgment could only be rendered for the surplus in the name of Scott and Stockton, when, at the same time, no part of the surplus belonged to Scott and Stockton, but all of it belonged to Scott alone. The garnishees here not having been indebted to Scott and Stockton, but to Scott alone, the judgment entered below against the garnishees was unauthorized and erroneous under the rules laid down in *Siegel, Cooper & Co.* v. *Schueck, supra.*

Accordingly, the judgments of the Appellate and circuit courts are reversed, and the cause is remanded to the circuit court for further proceedings in accordance with the views herein expressed.        *Reversed and remanded.*