## Andrew Zembal and Josephine Zembal v. Ignatz Hasterlik, Charles Hasterlik and Samuel Hasterlik, co-partners, doing business as Hasterlik Brothers.

1. GARNISHMENT—*Joint Judgment Can Not be Rendered upon Several Claims.*—Parties can not jointly recover judgment against parties in garnishment proceedings where the indebtedness from the garnishees is to one of the parties only.

**Attachment Proceedings.**—Error to the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Judgment against garnishees, error by garnishors. Heard in this court at the October term, 1898. Reversed and remanded. Opinion filed February 9, 1899.

### STATEMENT.

Defendants in error were plaintiffs, and plaintiffs in error were defendants, in the trial court in an action of assumpsit, and will be hereinafter referred to as such plaintiffs and defendants. The defendants were sued as Andrew Zembal and Mrs. Andrew Zembal. Mrs. Andrew Zembel was personally served with summons, and the summons was returned not found as to Andrew Zembal. The plaintiffs sued out an attachment in aid of the action. The affidavit for attach-

ment stated an indebtedness of the defendants to the plaint-
iffs of $732.39, for goods sold and delivered, the residence of
the defendants; that Andrew Zembal had departed from the
State with the intention of having his effects removed there-
from, and that Mrs. Andrew Zembal was about to depart
from the State with the intention of having her effects
removed therefrom. The attachment writ was levied on cer-
tain personal property, and was also served on H. Clausenius
& Co., as garnishees. July 5, 1895, plaintiffs filed their dec-
laration, in which the defendants were named, " Andrew
Zembal and Mrs. Josephine Zembal, sued as Mrs. Andrew
Zembal." July 17, 1895, Mrs. Andrew Zembal was, by that
name, defaulted, and July 29, 1895, Andrew Zembal, having
been served by publication, was also defaulted, and judg-
ment was entered against said defendants for the sum of
$732.39, and special execution was ordered against the
property attached, and general execution against Josephine
Zembal.

The judgment, after defaulting Andrew Zembal, contains
the following : " And it further appearing that the default
of the other defendant, Mrs. Andrew Zembal, whose name
in all of the proceedings, papers and the record is hereby
amended, leave of court being hereby granted to the plaint-
iffs for that purpose." H. Claussenius & Co., the garnishees,
answered July 17, 1895, but, by stipulation of the parties,
filed an amended answer July 29, 1895. The amended an-
swer admits an indebtedness to Andrew Zembal of $1,608.92,
denies indebtedness to Mrs. Andrew Zembal, and sets up
that June 29, 1895, the Fecker Brewing Company filed in
the Circuit Court an affidavit for an attachment against
Andrew Zembal, stating an indebtedness from him to that
company of $875.35; that an attachment issued on that affi-
davit, and was served on said garnishees, and that, in response
to interrogatories filed in that suit, they answered, admit-
ting an indebtedness to Andrew Zembal of $1,608.92, all of
which proceedings occurred prior to the service upon them
of the writ in the present suit. November 16, 1895, judg-
ment was entered in favor of Andrew Zembal against

Zembal v. Hasterlik.

George W. Claussenius and Edward Claussenius (the garnishees), doing business as H. Claussenius & Company, for the use of Ignatz Hasterlik et al., the plaintiffs in the attachment, and the court directed that the balance in the hands of the garnishees should be held by them subject to the further order of the court.

F. W. Jaros, attorney for the plaintiffs in error.

A judgment rendered against persons jointly liable is an entirety, and if void as to one defendant is void as to all. Shuford v. Cain, 3 Abb. (U. S.) 302; Kitchens v. Hutchins, 44 Ga. 620.

Williams, Kraft & Rust, attorneys for defendant in error.

Mr. Justice Adams delivered the opinion of the court.

The only error urged by plaintiffs in error which we think it necessary to consider, or which they are in a position to take advantage of, is the entry of judgment in the name of Andrew Zembal against the garnishees. The defendants in the suit were Andrew Zembal and Josephine Zembal. The indebtedness of the garnishees was to Andrew Zembal only. Andrew Zembal and Josephine Zembal could not, in their joint names, have recovered judgment against the garnishees for indebtedness due only to one of them. Therefore the judgment against the garnishees was erroneous. C. & N. W. Ry. Co. v. Scott, 174 Ill. 413; Siegel, Cooper & Co. v. Schueck, 167 Ib. 522; Nat. Bank of America v. Ind. Banking Co., 114 Ib. 483.

As, in view of the decisions cited, the plaintiffs, Hasterlik et al., can not maintain garnishment against Claussenius & Company in the present suit, on the facts disclosed by the record, the defaulted defendants (plaintiffs here) can take advantage of the error in this court.

We find no error in the judgment against plaintiffs in error.

The judgment against the garnishees will be reversed and the cause remanded.