### B. F. Arnold v. R. C. Hunt.

1. GARNISHMENT—*A Statutory Proceeding Not to be Extended.*—The proceeding by garnishment is purely statutory, and can not be extended to cases beyond the provisions of the statute.

2. SAME—*Creditors of Joint Judgment Debtors Can Not Maintain it.*—The judgment creditor of joint judgment debtors can not maintain garnishment for a debt due to one of such debtors.

**Proceedings in Garnishment.**—Appeal from the Circuit Court of Knox County; the Hon. GEORGE W. THOMPSON, Judge, presiding. Appeal heard in this court at the December term, 1898. Affirmed. Opinion filed April 11, 1899.

E. P. WILLIAMS and ARNOLD & GALE, attorneys for

Arnold v. Hunt.

appellant, contended that a surety who pays a judgment against himself and principal, may keep it alive by having it transferred to a third party. Katz v. Moessinger, 110 Ill. 372; Chandler v. Higgins, 109 Ill. 602; Allen v. Powell, 108 Ill. 584; Flagg v. Geltmacher, 98 Ill. 293.

W. E. Byers, attorney for appellee.

When a judgment against joint defendants is paid by one of the defendants, it is canceled. Execution can not issue on it. Russell v. Hugunin, 1 Scam. 562; Gillett v. Sweat, 1 Gilm. 475; Logan v. Lucas, 59 Ill. 237; Tompkins v. Fifth National Bank, 53 Ill. 57.

The remedy of garnishment is purely a matter of statutory regulation, one at law, and not in equity; and when, at any stage of the proceeding, it appears to the court that the writ has been improvidently issued, it will be dismissed. Capes v. Burgess, 135 Ill. 65; Chanute v. Martin, 25 Ill. 63; M. C. R. R. Co. v. Keohane, 31 Ill. 147; Pierce v. Wade, 19 Ill. App. 185; Dunderdale v. Westinghouse El. Co., 51 Ill. App. 407; Dennison v. Blumenthal, 37 Ill. App. 385; Siegel, Cooper & Co. v. Schueck, 167 Ill. 522; C. & N. W. Ry. Co. v. Scott, 174 Ill. 413.

Mr. Justice Higbee delivered the opinion of the court.

This appeal grows out of a proceeding in garnishment instituted by appellant against H. S. Hedgepath et al. as debtors of the appellee, R. C. Hunt.

In the course of the proceedings an amended affidavit for garnishment was filed for appellant, stating in substance that at the June term, A. D. 1897, of the Circuit Court of Knox County, Illinois, a judgment was rendered by said court in favor of Charlotte Peterson against appellee Hunt and one Hawkinson, on a note given by said defendants, apparently as joint makers, but really by said Hunt as principal and said Hawkinson as surety, for the sum of $584 and costs; that said Hawkinson, as surety on the note aforesaid, has paid the said judgment in full and caused it to be assigned to appellant Arnold; that execution has been

duly issued on said judgment against said defendants Hunt and Hawkinson, which has been returned as to said Hunt "no property found;" that said defendant Hunt has no property within the knowledge of affiant in his possession liable to execution; that affiant has reason to believe and does believe that H. S. Hedgepath, Sarah E. Hedgepath and Olive May Hedgepath are indebted to said defendant Hunt and have effects and estate of said defendant in their possession, custody and charge. The affidavit concludes with a prayer for summons against said alleged debtors as garnishees. A motion was entered by appellee to quash said amended affidavit and the writ issued in the case, which was sustained by the court and judgment for costs entered against appellant, who prayed and perfected an appeal therefrom to this court.

The only question submitted to the court below was whether or not the facts stated in the affidavit were sufficient in law to entitle appellant to maintain his garnishment proceedings, and the same question is presented to this court.

In the case of C. & N. W. Ry. Co. v. Scott, 174 Ill. 413, it was held, following the principle declared in Siegel, Cooper & Co. v. Schueck et al., 167 Ill. 522, that the judgment creditor of two joint judgment debtors could not maintain garnishment for a debt due to one of such debtors.

If the rule announced in these two cases applies to the case at bar it is apparent that appellant could not maintain garnishment proceedings against the Hedgepaths upon his joint judgment against appellee and Hawkinson, for the debt which they owed appellee alone. It is insisted, however, by appellant, that as appellee was the principal debtor, and Hawkinson only a surety, the latter had a right to pay off the debt and have it assigned for his benefit to a third party; that as a result of such action the judgment against Hawkinson was no longer in force, but there remained a judgment against appellee alone which could be enforced and collected for the benefit of Hawkinson alone; that

appellee being in effect the sole judgment debtor, appellant, as assignee of Hawkinson, would have the right to garnishee the debtors of appellee alone, and such proceeding would not be in conflict with the rule announced in the above cases.

We do not think appellant's position well taken. It has been repeatedly held by our courts that the proceeding by garnishment is purely statutory and can not be extended to cases beyond the provisions of the statute. The judgment upon which these proceedings were had was against Hawkinson and appellee jointly. Nothing has taken place to change the relation of the judgment debtors which appears of record.

We are therefore of opinion that whatever the rights of the judgment debtors may now be as to each other, this suit having been commenced by the assignee of the judgment to enforce the statutory right of garnishment, must be governed by the usual rules applicable to such suits. Any suit in garnishment based on this judgment must be brought in the names of the two judgment debtors for the use of appellant and it follows from the authorities heretofore cited that such proceedings could not be maintained for a debt due the appellee Hunt alone.

The court below, therefore, committed no error in quashing the amended affidavit and the writ. The judgment must be affirmed.