EDWARD S. BRADFORD *vs.* MOORFIELD STOREY, administrator.
SAME *vs.* SAME.

Middlesex.    November 29, 1904. — September 11, 1905.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Tax*, On collateral inheritances. *Limitations, Statute of. Probate Court. Interest.*

A petition filed in the Probate Court by the treasurer and receiver general of the
Commonwealth under R. L. c. 15, §§ 17, 20, upon a certificate to him from the
judge of that court that the final account of an executor or administrator has
been filed and that the settlement of the estate has been delayed because of the
non-payment of a collateral inheritance tax, praying the court to determine
whether such a tax is payable and to fix its amount, is not barred either by the
general or the special statute of limitations, although filed more than six years
after the tax became payable.

Under R. L. c. 15, § 17, the Probate Court having jurisdiction of the settlement of
the estate of a decedent has jurisdiction upon a petition filed by the treasurer
and receiver general of the Commonwealth to determine, subject to appeal,
whether a collateral inheritance tax is payable on the estate and if payable the
amount of such tax.

Under R. L. c. 15, § 4, interest must be paid upon the amount due as a collateral
inheritance tax from the expiration of two years after the date of giving bond
by the executors, administrators or trustees by whom the tax is payable.

MORTON, J.    These are two appeals from decrees, made by
the Probate Court for the county of Middlesex, relating to the
same estate, which at the request of the parties were consolidated
and heard together.    They were reserved for the full court, and
such disposition is to be made of them as shall seem meet.

The question at issue relates to the collection of a collateral
inheritance tax from the estate of one Sarah Ann Tileston who
died testate in March, 1894, leaving an estate appraised at up-
wards of $49,000.

By her will the testatrix gave her property to nephews and
nieces.    The estate was, therefore, subject to a collateral inherit-
ance tax under St. 1891, c. 425, § 1, now R. L. c. 15, § 1.    It is
not contended that it was not, or that the tax has ever been
paid.    The administrator seeks to avoid the payment on the
ground that the Probate Court had no jurisdiction of the peti-
tion by the treasurer and receiver general to have the amount of

the tax determined and its payment ordered by the administrator, or, if it had, that the tax is barred by the general statute of limitations, or by the special statute affecting actions against executors and administrators. There is also a further question relating to interest.

Two executors were named in the will but only one survived the testatrix. He was duly appointed on April 24, 1894, and subsequently filed an inventory and paid certain legacies and annuities. In December, 1896, he resigned without having filed any account. In January, 1897, the respondent was appointed and subsequently filed an inventory and two accounts, one of which was a final account. Neither of the accounts has been allowed. In November, 1902, the judge of the Probate Court, acting under R. L. c. 15, § 20, and upon the application of trustees who had been appointed under the will, certified to the petitioner that the final account of the respondent had been filed and that the settlement of the estate was delayed by reason of the non-payment of the collateral inheritance taxes. Thereupon the petition in this case was filed in the Probate Court. The respondent made a motion to dismiss on the grounds that the petition was in effect an action at law to collect the tax and that the Probate Court had not jurisdiction. The motion was denied and the respondent appealed. Subsequently he filed an answer, not waiving this appeal, and setting up in bar the general statute of limitations and the special statute applicable to executors and administrators. A hearing was had and a decree was entered that the respondent was liable for a tax upon the net value of the estate with interest from April 24, 1896, being two years after the date of the appointment of the executor, and the amount of the tax was determined, but no order was made for its payment. From this decree also the respondent appealed. This appeal and the appeal from the order overruling the motion to dismiss constitute the two appeals referred to earlier in this opinion.

The question whether the general statute of limitations applied was left open in *Howe* v. *Howe*, 179 Mass. 546, and the question whether the special statute applied was not raised in that case. R. L. c. 202, § 2, provides that " The following actions shall, except as otherwise provided, be commenced only

within six years next after the cause of action accrues : First, Actions of contract founded upon contracts or liabilities, express or implied, except actions limited by the provisions of the preceding section or actions upon judgments or decrees of courts of record of the United States or of this or of any other state of the United States." The "actions limited by the provisions of the preceding section" have nothing to do with the question now before us. Section 17 of the same chapter provides that " the limitations of the preceding sections of this chapter . . . shall apply to actions brought by the Commonwealth or for its benefit." But it is manifest that these provisions relate to actions to which the preceding sections apply and are not intended *to apply to all actions that may be brought by the Commonwealth or for its benefit*, of whatever nature. A tax is not a debt in the ordinary sense of the word and is not founded upon a contract express or implied (*Peirce* v. *Boston*, 3 Met. 520), and a collector cannot maintain an action to recover it, except as authorized by statute. *Crapo* v. *Stetson*, 8 Met. 393. The word " liability " is, it is true, of large significance, but as used in the statute refers plainly to liabilities of a contractual nature. Very likely in view of the provision in regard to the collection of taxes levied generally for the public benefit authorizing a collector, if a tax remains unpaid for three months, to maintain an action therefor in his own name as for his own debt and so giving to it a quasi contractual character (R. L. c. 13, § 32), the general statute of limitations would be held to apply to actions so brought. See *Rich* v. *Tuckerman*, 121 Mass. 222. But for reasons stated in *Howe* v. *Howe*, *ubi supra*, in considering the question whether the action was barred by failure to bring suit within two years and six months, and which need not be repeated here, we think that neither the general nor the special statute of limitations operates as a bar to the recovery of the tax in the present case.

The respondent contends in the next place that the petition was in effect an action at law for the recovery of the tax and that the Probate Court had not jurisdiction. But all that the Probate Court did was to hear and determine whether a succession tax was payable and what the amount was, and this was clearly within its jurisdiction. It is expressly provided that

" The Probate Court having jurisdiction of the settlement of the estate of the decedent shall, subject to appeal as in other cases, hear and determine all' questions relative to said tax affecting any devise, legacy or inheritance." R. L. c. 15, § 17. In this case there was a question as to the liability of the administrator to pay a tax and it affected devises and legacies payable under the will. The proceeding was, therefore, directly within the terms of the statute. *Callahan* v. *Woodbridge*, 171 Mass. 595. There are other provisions which contemplate that the Probate Court shall have power to determine the amount of the tax; such, for instance, as the provision relating to the sale of real estate for the payment of the tax (R. L. c. 15, § 8), and the general scheme of the statute vests the Probate Court with large powers in all matters relating to the tax. The motion to dismiss for want of jurisdiction was rightly overruled.

Lastly, as to the matter of interest. The statute expressly provides that the tax shall be payable at the expiration of two years after the date of giving bond by executors, administrators and trustees, and that if the taxes are not paid when due interest shall be charged from the time when the same became payable. R. L. c. 15, § 4. Interest was rightly computed by the Probate Court according to the rule thus established. It is immaterial that a part of the estate was given in remainder or that the dispositions of the will were modified by the agreement that was entered into. The whole estate was liable to the tax, and there was nothing to affect the time when it was payable.

*Decree affirmed.*

*F. B. Greenhalge*, Assistant Attorney General, for the petitioner.

*R. F. Sturgis*, for the respondent.