In the Matter of the Application of MILO R. MALTBIE, Chamberlain of the City of New York and County Treasurer of the County of New York, Respondent, for an Order Examining LOBSITZ MILLS COMPANY, Appellant, in Supplementary Proceedings.

Tax — supplementary proceedings — supplementary proceeding under the Code of Civil Procedure to collect tax assessed against a foreign corporation cannot be maintained since such proceeding under the Code will lie only against a resident taxpayer for a personal assessment.

1. A supplementary proceeding may be taken against a corporation, and the same proceedings may thereupon be had in all respects for the collection of a tax as for the collection of a judgment. (Tax Law

[Cons. Laws, ch. 60], § 299.) The order herein required the corporation to appear " and be examined under oath concerning its said invested capital." The order is not in accordance with the proceeding under the Code " upon a judgment docketed in such county." It should have been set aside by the court for that reason.

2. A proceeding supplementary to execution cannot be sustained upon a foreign judgment or a judgment *in rem.* It must be a judgment by which the person of the judgment debtor is bound. The order to be obtained in the proceeding is one requiring the debtor to attend and be examined concerning his property, that the same may be applied in satisfaction of the judgment. (Code Civ. Pro. § 2435.)

3. The assessment against the appellant, a foreign corporation, was upon its capital invested in its business. In form it was as provided by the statute a personal assessment, but it was in fact an assessment *in rem,* the thing assessed being the capital so invested in business in said city. The Code proceeding is dependent upon a judgment acquired after obtaining jurisdiction of the person of the judgment debtor. So the proceeding under section 299 of the Tax Law should be and is dependent upon a tax against a resident taxpayer.

*Matter of Maltbie,* 179 App. Div. 395, reversed.

(Argued February 26, 1918; decided April 2, 1918.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered July 6, 1917, which affirmed an order of Special Term denying a motion to vacate an order, granted under section 299 of the Tax Law, to examine the Lobsitz Mills Company in supplementary proceedings.

The Lobsitz Mills Company is a corporation organized under the laws of the state of New Jersey. It has filed a certificate and obtained authority to do business in this state. It is alleged that it is doing business in this state, and that it has an office for the transaction of business in the city of New York. In 1913 it was assessed " Upon its capital invested in its business in the city of New York the sum of $10,000 for the purpose of taxation for the year 1914 as a non-resident of the state doing business in the state of New York." The assessment

was subsequently confirmed by the board of taxes and assessments. The tax imposed thereon was $178, and became due and payable May 1, 1914. It was not paid. On January 15, 1915, a warrant was issued by the receiver of taxes for the collection of the tax but it was returned wholly unsatisfied, and the tax with interest thereon remains wholly unpaid.

The chamberlain of the city of New York acting as the county treasurer of the county of New York applied to the Supreme Court for an order to examine said corporation in supplementary proceedings for the purpose of collecting the said tax. An order was made that said Lobsitz Mills Company appear as therein provided " and be examined under oath concerning its said invested capital." A motion was made to vacate said order which was denied. An appeal was taken from the order entered thereon to the Appellate Division of the Supreme Court and the order was unanimously affirmed. It thereupon granted leave to appeal to this court and certified that in its opinion questions of law are involved which ought to be reviewed by the Court of Appeals. The questions so certified are as follows:

" 1. On the facts shown by the record herein did the Supreme Court of the state of New York have jurisdiction to grant the order dated December 19, 1916, for the examination of this non-resident corporation in supplementary proceedings pursuant to section 299 of the Tax Law of the state of New York?

2. Do supplementary proceedings under section 299 of said Tax Law apply to the collection of taxes in the city of New York? "

*Henry B. Twombly* and *Frank P. Reilly* for appellant. Section 299 of the Tax Law, authorizing supplementary proceedings for the purpose of collecting a tax, does not apply to the city of New York. (*People ex rel.*

*Argus Co.* v. *Bresler,* 171 N. Y. 302; *Matter of Dudley,* 33 App. Div. 465; *Matter of Gould,* 75 App. Div. 576; *People ex rel. Thomson* v. *Feitner,* 168 N. Y. 441; *People ex rel. Bronx Gas Co.* v. *Barber,* 22 App. Div. 161; *People ex rel. W. B. Co.* v. *Feitner,* 163 N. Y. 384.) Supplementary proceedings under section 299 of the Tax Law do not apply to a non-resident. (*T. G. & T. Co.* v. *Brown,* 136 App. Div. 843; *City of New York* v. *McLean,* 170 N. Y. 374; *Bartlett* v. *McNeill,* 49 How. Pr. 55; *I. & T. Nat. Bank* v. *Quackenbush,* 143 N. Y. 567.)

*Walter N. Seligsberg* and *Alex. L. Strouse* for Reliance Motion Picture Corporation, *amicus curiæ.* The personal property tax against a non-resident is not a debt, and the court has no jurisdiction to enforce payment thereof by proceedings *in personam.* (*Dewey* v. *Des Moines,* 173 U. S. 193; *Hilton* v. *Fonda,* 86 N. Y. 339; *N. Y. M. Products Co.* v. *Damon,* 57 App. Div. 261; 172 N. Y. 661; *City of New York* v. *McLean,* 170 N. Y. 374; *People ex rel. Dufour* v. *Wells,* 85 App. Div. 440; 177 N. Y. 586; *People ex rel. Smith* v. *O'Donnell,* 46 Misc. Rep. 521; *State of Maryland* v. *Turner,* 75 Misc. Rep. 9; *Bassett* v. *Wheeler,* 84 N. Y. 466; *Clark* v. *Kirkland,* 133 App. Div. 826; *Goodrich* v. *Rochester Trust, etc., Co.,* 173 App. Div. 577.) Payment of a tax against a non-resident can only be enforced by proceedings *in rem* against the property taxed. (*Hilton* v. *Fonda,* 86 N. Y. 339.) Supplementary proceedings are proceedings *in personam,* and the court has no jurisdiction thereof where they are instituted to enforce rights *in rem.* (*Bartlett* v. *McNeil,* 49 How. Pr. 55.)

*William P. Burr, Corporation Counsel* (*John P. O'Brien* and *Joshua Spreyregen* of counsel), for respondent.

CHASE, J.   To entitle a judgment creditor to maintain a proceeding supplementary to execution under the Code

of Civil Procedure, the judgment upon which execution has been issued must have been rendered " Upon the judgment debtor's appearance or personal service of the summons upon him, for a sum not less than twenty-five dollars or substituted service of the summons upon him in accordance with section 436 of the Code of Civil Procedure." (Code Civ. Pro. § 2458.)

The substituted service therein referred to is only permitted in certain cases upon "A domestic corporation, other than a municipal corporation, a joint stock or other unincorporated association or a natural person, residing within the state." (Code Civ. Pro. § 435.)

A proceeding supplementary to execution cannot be sustained upon a foreign judgment or a judgment *in rem*. It must be a judgment by which the person of the judgment debtor is bound. The order to be obtained in the proceeding is one requiring the debtor " to attend and be examined concerning his property " (§ 2435), that the same may be applied in satisfaction of the judgment.

Section 299 of the Tax Law (Cons. Laws, ch. 60) provides: " If a tax exceeding ten dollars in amount levied against a person or corporation is returned by the proper collector uncollected for want of personal property out of which to collect the same, the supervisor of the town or ward, or the county treasurer or the president of the village, if it is a village tax, may, within one year thereafter, apply to the court for the institution of proceedings supplementary to execution, as upon a judgment docketed in such county, for the purpose of collecting such tax and fees, with interest thereon from the fifteenth day of February after the levy thereof. Such proceedings may be taken against a corporation, and the same proceedings may thereupon be had in all respects for the collection of such tax as for the collection of a judgment by proceedings supplementary to execution thereon against a natural person, and the same costs and disbursements

may be allowed against the person or corporation examined as in such supplementary proceedings but none shall be allowed in his or its favor.   The tax, if collected in such proceeding, shall be paid to the county treasurer or to the supervisor of the town, and if a village tax, to the treasurer of the village."

The tax mentioned in that section takes the place of the judgment and the return of the tax " uncollected for want of personal property out of which to collect the same," the place of the return of the execution by the sheriff wholly or partly unsatisfied as provided in the Code proceeding.   The proceeding may be commenced under the Tax Law as therein provided whereupon the proceeding is in all respects " as upon a judgment docketed in such county for the purpose of collecting such tax.".

·Said section of the Tax Law also provides that " Such proceeding may be taken against a corporation, and the same proceedings may thereupon be had in all respects for the collection of such tax as for the collection of a judgment by proceedings supplementary to execution thereon against a natural person."

A proceeding supplementary to execution being a summary proceeding created by statute and in derogation of the common law must be strictly construed.   A statutory remedy or proceeding cannot be enlarged by construction nor be made available or valid except by strictly following the directions of the act.   (Sutherland Statutory Construction [2d ed.], § 565; *West* v. *State,* 168 Ind. 77.)

The only authority for the proceeding under consideration is the section quoted.   The proceeding cannot be sustained except on compliance therewith and when instituted for the purposes therein provided.

The order herein required the corporation to appear " and be examined under oath concerning its said invested

capital." The order is not in accordance with the proceeding under the Code upon a judgment docketed in such county. It should have been set aside by the court for that reason. We further think that the tax under consideration did not constitute a basis for granting an order in any form under the section quoted.

For the purposes of this decision we will assume that the Lobsitz Mills Company had capital invested in business in the city of New York at the time of the assessment — that the tax department had jurisdiction to make an assessment as of personal property against the capital so invested in such business and that the assessment and all proceedings subsequent thereto down to the time the order in supplementary proceedings was made were regular and in accordance with the statutes relating thereto.

All personal property situated or owned within this state is taxable unless exempt from taxation by law. (Tax Law, § 3.) Non-residents of the state doing business in the state either as principals or partners shall be taxed on the capital invested in such business as personal property at the place where such business is carried on to the same extent as if they were residents of the state. (Tax Law, § 7.)

The assessment against the Lobsitz Mills Company in form was as provided by the statute a personal assessment, but it was in fact an assessment *in rem* — the thing assessed being the capital so invested in business in said city. The tax upon such assessment did not become a debt. It did not create a personal liability but subjected the capital of the corporation employed in business in the city of New York at the time of the assessment to liability for the tax. (*City of New York* v. *McLean*, 170 N. Y. 374.) An action as for debt against a corporation could not be sustained to collect the tax. (*City of New York* v. *McLean*, *supra*.)

The state may provide for the sale of the property upon which the assessment is made but it cannot under any guise or pretense proceed farther and impose a personal liability upon a non-resident to pay the assessment or any part of it. To enforce an assessment of such a nature against a non-resident so far as his personal liability is concerned would amount to the taking of property without due process of law and would be a violation of the Federal Constitution. (*Dewey* v. *Des Moines*, 173 U. S. 193.)

The Code proceeding is dependent upon a judgment acquired after obtaining jurisdiction of the person of the judgment debtor. So the proceeding under section 299 of the Tax Law should be and is dependent upon a tax against a resident taxpayer. The taxing power of the state is limited to persons and property within and subject to its jurisdiction.

Supplementary proceedings are in the nature of a creditor's bill for the collection of a judgment or tax and are proceedings *in personam* and not *in rem*. (*Importers & Traders Nat. Bank of N. Y.* v. *Quackenbush*, 143 N. Y. 567, 572; *Bartlett* v. *McNeil*, 49 How. Pr. 55; affd., 60 N. Y. 53; *Hilton* v. *Fonda*, 86 N. Y. 339; *Rocky Mountain National Bank* v. *Bliss*, 89 N. Y. 338.)

Section 299 of the Tax Law clearly was not intended as a mere administrative measure as suggested by the respondent, but as an extension as hereinbefore stated of the supplementary proceeding defined and provided for by the Code of Civil Procedure.

The order of the Appellate Division should be reversed and the proceeding dismissed, with costs in all courts, and the first question certified answered in the negative, and the second question not answered.

HISCOCK, Ch. J., COLLIN, CUDDEBACK, CARDOZO, POUND and ANDREWS, JJ., concur.

Order reversed, etc.