STATE OF COLORADO, Plaintiff, *v.* KATE A. HARBECK, Individually and as Executrix of the Last Will and Testament of JOHN H. HARBECK, Deceased, WILLIAM HENRY HARBECK, ALFRED S. BROWN, FRANCIS B. CLARK, GEORGE W. CARR JAMES and UNITED STATES TRUST COMPANY, Defendants.

(Supreme Court, New York Trial Term, February, 1919.)

Jurisdiction — when sister state cannot maintain an action in this state to recover inheritance taxes — inheritance taxes cannot be recovered except as authorized by statute.

An inheritance tax is not a debt, consequently it is not founded upon a contract, express or implied, and no action lies to recover the tax except as authorized by statute.

Assuming that an order fixing the amount of an inheritance tax obtained on other than personal service is a judgment,

it is one *in rem* and can be collected only out of the property belonging to the decedent found in the state where the transfer tax proceeding was had.

A resident of the state of Colorado, while *en route* with his wife to Paris, France, with intention of acquiring a permanent domicile there, died in the city of New York where his will was probated and letters issued to his widow, the principal legatee, upon a petition in which she stated that the decedent at the time of his death was a resident of Colorado. None of the personal property of the decedent, nearly $3,000,000, was, is or has been in the state of Colorado, and after the payment of the transfer tax assessed in the county of New York as against a non-resident an appraisal of the estate was had in a proceeding instituted under the Inheritance Tax Laws of Colorado. In an action by the state of Colorado to recover the amount of the tax and to enforce a lien upon certain distributed shares of the estate in possession of the respective legatees under the will, the complaint did not allege nor did the proofs show that steps were taken in accordance with the statutes of Colorado, and while the complaint alleged that a certain order fixing the amount of the tax due from the defendants was duly entered, it was stipulated that the only notice received by the defendants of the proceedings was by mail, the complaint will be dismissed on the ground that the court has no jurisdiction.

ACTION to recover an inheritance tax and to enforce a lien.

George W. Thomas, John C. Coleman and Bertrand L. Pettigrew, for plaintiff.

Theodore N. Ripsom, for Kate A. Harbeck.

Alfred S. Brown, for William Henry Harbeck.

William L. Greenfogel, for Alfred S. Brown.

James P. Niemann, for Francis B. Clark.

Stewart & Shearer, for United States Trust Company.

COHALAN, J. The state of Colorado sues to recover an inheritance tax upon the estate of John H. Harbeck,

deceased, and to enforce a lien upon certain distributed shares of his estate now in the possession of the respective defendants. The complaint alleges that John H. Harbeck and his wife, the defendant Kate A. Harbeck, became domiciled in Boulder, Colo., in the year 1897, and continued to reside there until October in the year 1910, when they left with the intention of acquiring a permanent residence in Paris, France. While *en route* to their destination, and in the city of New York, John H. Harbeck died. On March 28, 1911, his will and four codicils were admitted to probate in the county of New York, and letters testamentary thereunder were issued to the widow of the decedent, who was the principal legatee under the terms of the will. In her petition for the probate of the will she stated that the decedent was a resident of Colorado at the time of his death. Transfer tax proceedings were had in New York and taxes were assessed as upon the estate of a nonresident and were paid on that basis. Having learned of the decedent's death, the plaintiff instituted transfer tax proceedings under its laws upon the estate. An appraisal was had February 8, 1916, notice having been given by mail to all the defendants, as required by the state of Colorado. None of the personal property of the decedent, amounting to nearly three millions of dollars, was, is or has been in that state, and none of the defendants appeared in the Colorado tax proceeding. It is clear that the defendant legatees by every moral right should pay these taxes, amounting to the sum of about $53,000. But it is not clear how they may be compelled to do so in an action of this kind. It is true that they enjoyed the privilege of receiving the legacies here, and it is unfair that they should escape the burden attached to these same legacies. It is my view, however, that this court is without jurisdiction to enforce payment in

Supreme Court, February, 1919.    [Vol. 106.

the present action.   Unless the Inheritance Tax Laws
of the state of Colorado specifically authorize that
state to institute this action as for a money judgment
the plaintiff may not succeed in this jurisdiction.  *Elec-
tro Tint Eng. Co.* v. *American Handkerchief Co.,* 130
App. Div. 561; *Hanley* v. *Donoghue,* 116 U. S. 1.   In
the case of *Electro Tint Eng. Co.* v. *American Handker-
chief Co., supra,* the court said: " It has been generally
understood that where a party either seeks to recover
or defend under a foreign law, such law must be
pleaded and proved like any other fact, since the court
cannot take judicial notice of the laws of a foreign
State."   In the case of *Bradford* v. *Storey,* 189 Mass.
104, in which the Probate Court was endeavoring to
recover an inheritance tax, is was held:   "A tax is
not a debt in the ordinary sense of the word and is
not founded upon a contract express or implied, and
a collector cannot maintain an action to recover it,
except as authorized by statute."   Section 18 of the
statute of Colorado, as amended by the Laws of 1918,
provides that upon the petition of the attorney-
general, where a tax has not been paid according to
the law, the County Court must issue a process, sum-
moning the person interested in the property subject
to taxation to appear before the court and show cause
why such tax should not be paid.   The act further
provides:   "All summonses and notices required in the
proceedings under this act may be served in every
respect as now or hereafter provided for summons in
civil actions *in rem,* unless otherwise provided."   The
complaint shows that a certain order fixing the amount
of the tax due from the defendant beneficiaries was
entered in the County Court of Boulder county, Colo.
But neither the complaint nor the proof shows that
steps were taken in accordance with the provisions of
section 18 of the Tax Law of that state.   The case of

*People* v. *Kellogg,* 268 Ill. 489, is not inapplicable to the situation here presented. In that case the order of the County Court was entered fixing the amount of the inheritance tax due from the respective legatees. The attorney-general, on behalf of the people, thereafter petitioned the County Court for a rule on the executor to show cause why the tax in question should not be paid. A summons was accordingly issued, and the executor answered, disclosing his reasons why the tax had not been paid, and it was held that the executor was not liable to pay the tax in question. It appears from paragraph XII of the stipulation in evidence that the only notice received by the defendants was by mail. Even assuming the order to be a judgment which was obtained in a proceeding or action on other than personal service, it is a judgment *in rem,* and can only be collectible out of property found in the state of Colorado and belonging to the decedent. The lack of personal service admitted by the pleadings and the proof is fatal to this. action. *Pennoyer* v. *Neff,* 95 U. S. 714; *Barker* v. *Barker,* 37 id. 152; *Matter of Maltbie* v. *Lobsitz Mills Co.,* 223 N. Y. 227. The fact that an inheritance tax is sought to be recovered does not change the rule, as it is not a debt, and consequently is not founded upon a contract expressed or implied upon which a suit may be predicated. *Meriwether* v. *Garrett,* 102 U. S. 472; *Wason* v. *Bigelow,* 11 Colo. App. 120; *Durant* v. *Albany County Supervisors,* 26 Wend. 66; *Bradford* v. *Storey, supra.* It follows (1) that the plaintiff has not alleged and proved that it has a right under the Colorado act to institute this suit, and (2) that this action may not be instituted for the collection of moneys on a judgment *in rem.* The complaint is dismissed.

Complaint dismissed.