Anna Baronski, Appellee, v. Mike Shust et al., on appeal of Schiff & Company State Bank, Appellant.

## Gen. No. 25,659.

1. MUNICIPAL COURT OF CHICAGO, § 10*—*what is nature of supplemental proceedings.* The supplementary proceedings authorized by section 64 of the Municipal Act (J. & A. ¶ 3381) are in the nature of a substitute for a creditor's bill.

2. MUNICIPAL COURT OF CHICAGO, § 10*—*how statute as to supplemental proceedings is construed.* Section 64 of the Municipal Court Act (J. & A. ¶ 3381), providing for supplementary proceedings is in derogation of the common law and is to be strictly construed.

3. MUNICIPAL COURT OF CHICAGO, § 10*—*what money may be reached by supplemental proceedings.* By analogy to the rule in garnishment proceedings, money belonging to one of several joint debtors cannot be reached by a proceeding under Municipal Court Act, sec. 64 (J. & A. ¶ 3381), or be required to be paid over in satisfaction of a judgment against several joint debtors.

4. MUNICIPAL COURT OF CHICAGO, § 12*—*what is effect of process in supplemental proceedings.* The service of the summons in a supplementary proceeding under Municipal Court Act, sec. 64 (J. & A. ¶ 3381), does not create a lien on property or money in his possession, in the absence of any order requiring him to retain the same pending disposition by the court.

5. MUNICIPAL COURT OF CHICAGO, § 12*—*what examination is contemplated in supplemental proceedings.* The language being in the present tense of Municipal Court Act, sec. 64 (J. & A. ¶ 3381), seems to contemplate an examination as to the money and property the third person has in his possession at the time of the examination.

Appeal from the Municipal Court of Chicago; the Hon. CHARLES F. McKINLEY, Judge, presiding. Heard in this court at the October term, 1919. Reversed. Opinion filed April 12, 1920.

ROBERT EDELSON, for appellant; HYMAN POLONSKY, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ALANSON C. NOBLE and STANLEY S. WALKOWIAK, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

By this appeal the Schiff & Company State Bank, appellant, seeks the reversal of an order entered in supplementary proceedings, section 64 of the Municipal Court Act (J. & A. ¶ 3381), requiring it to pay $151 to the bailiff of the Municipal Court to be applied in satisfaction of a judgment in favor of Anna Baronski, appellee, against defendants in the original suit, Mike Shust and Antonia Shust.

On February 13, 1919, Anna Baronski obtained a judgment against the two defendants. She then prayed for a citation to issue against the judgment debtors, the appellant and other respondents, that they might be examined concerning any property "belonging to the said judgment debtors  *  *  *  or under their control, money or other property belonging to Mike Shust and Antonia Shust." A citation summons was issued against the appellant bank which was served on February 21, 1919. On March 31 following, a witness for the bank testified that on the date of the service of the citation summons, the defendant Mike Shust had on deposit in the bank $163 and that between February 24 and March 31 the bank had paid out on checks drawn by Mike Shust all of said deposit except seventy-five cents. The court thereupon entered an order finding that at the time of the service of the citation writ the bank had in its possession $163 belonging to said judgment debtors, and ordered the bank to pay $151 in satisfaction of the original judgment.

We are of the opinion that this order was erroneously entered and must be reversed for the following reasons: We find no Supreme Court decision in this State construing the section of the Municipal Court

Act providing for supplemental proceedings, but similar provisions contained in the codes of other States have been held to be in the nature of a substitute for a creditor's bill. *Butler v. Jaffray,* 12 Ind. 504; *Adams v. Hackett,* 7 Cal. 187; *Kellogg v. Coller,* 47 Wis. 649. It has also been held that such proceedings being in derogation of the common law the statute must be strictly construed. *In re Maltbie,* 223 N. Y. 227, 119 N. E. 389; *People v. Cohen,* 163 Ill. App. 115; *Arnold v. Hunt,* 81 Ill. App. 430; *Cronin v. Tatge,* 281 Ill. 336.

This supplemental proceeding was based upon a judgment against two joint judgment debtors. The record shows that the money upon deposit with appellant belonged to one of them. We hold that money belonging to one of several joint debtors cannot be reached in this proceeding or be required to be paid over in satisfaction of a judgment against several joint debtors. We base our opinion upon the rule in garnishment proceedings where the object is much the same as in this supplemental proceeding. It has been repeatedly held that in garnishment proceedings the owner of a joint judgment cannot reach a debt owed to one of the joint judgment debtors. *Siegel, Cooper & Co. v. Schueck,* 167 Ill. 522; *Chicago & N. W. Ry. Co. v. Scott,* 174 Ill. 413; *Zembal v. Hasterlik,* 80 Ill. App. 141.

This view is also supported by that part of section 64, Municipal Court Act, (J. & A. ¶ 3381) which provides that if the amount of money or the proceeds of such collection or sale shall exceed the amount due upon the judgment and costs, "the over-plus shall be paid to the said judgment debtor." If the over-plus from the property of one judgment debtor should be paid to all of a number of judgment debtors, some of them would receive money to which they were not entitled, while an order to pay it to one would be in-

consistent with an order that the fund disclosed be applied on the judgment against all.

In the statutes on supplementary proceedings in some States it is specifically provided that property or money belonging to one of several joint debtors may be applied towards the satisfaction of a judgment against all of said joint debtors. There is no such provision in the statute of this State.

The better reasoning supports the conclusion that the service of the summons in a supplementary proceeding on a third party does not create a lien on property or money in his possession in the absence of any order requiring such party to retain the same, pending disposition by the court. In the Garnishment Act it is expressly provided that service of the summons or writ shall be a lien upon the funds then in the hands of the garnishee. No such provision is in the act under consideration. The language of the act seems to contemplate an examination as to the money and property the third party has in his possession at the time of the examination. The words of the act touching this are in the present tense. Other States are not in accord on this point, but we are inclined to think the better reasoned opinions support this view. Among them are *McConnell v. Wolcott,* 70 Kan. 375, which contains a full discussion; *Voorhees v. Seymour,* 26 Barb. (N. Y.) 569; *Gregory v. Hewson,* 1 Bond 277 (Fed. Ct. Southern Dist. Ohio).

Other points are presented as grounds for a reversal; the absence of comment thereon should not be construed as indicating our opinion upon their merits. The points above indicated are sufficient to require that the judgment of the Municipal Court against the Schiff & Company State Bank be reversed.

*Reversed.*

MR. JUSTICES HOLDOM and DEVER concur.