## JACOBSON, WOLFFE & Co. vs. T. M. HORNE.

52   185!<br>86   299'

1. SURETYSHIP: *Indemnity. Bankruptcy. Case in judgment.*
In 1871 H. claimed a lot of corn, attached as the property of M., and gave bond, with J., W. & Co. as sureties, and, to indemnify his sureties, placed the corn in their possession to hold until the litigation terminated. In May, 1872, J., W. & Co. were adjudged bankrupts, and in December, 1872, they were discharged. In May, 1873, the attachment suit was dismissed. J., W. & Co., on demand by H., refused to account for the corn. *Held,* that the claim for the corn or its value was not provable under the bankrupt law, and was therefore not discharged by the discharge of J., W. & Co. in bankruptcy. The existence of the claim was contingent on an event which did not occur until after the discharge in bankruptcy.

ERROR to the Circuit Court of *Lauderdale* County.
Hon. ROBERT LEACHMAN, Judge.
The opinion of the court contains a statement of the case

sufficient for a full understanding of the principles an-
nounced.

It is assigned for error :

1. The court erred in sustaining the demurrer of plaintiff,.
T. M. Horne, to the second plea of defendants, Jacobson,
Wolffe & Co.

2. In rendering judgment in favor of plaintiff, Horne, against.
defendants.

*J. J. Shannon,* for plaintiffs in error :

The liability of Jacobson, Wolffe & Co. was contingent. The
demurrer should have been overruled. See Chapman *v.*
Forsyth, 2 How., 87 ; Cronan *v.* Cotton, 104 Mass., 245 ;
Jones *v.* Knox, 46 Ala., 483 ; Bates *v.* West, 19 Ill., 134 ;
Bailey *v.* Moore, 21 Ill., 165 ; Morse *v.* Hovey, 1 Sandf..
(N. Y.), 187 ; Crafts *v.* Mott, 5 Barb., 305 ; Matterson *v.*
Kellogg, 15 Ill., 547 ; Phillips *v.* Russell, 42 Me., 360 ;.
Bissell *v.* Cockrane, 15 Ohio, 58 ; Grover *v.* Clinton, 8 B. R.,
312 ; Heffrew *v.* Joyne, 39 Ind., 463 ; Stevens *v.* Brown, 49
Miss., 597.

*John W. Tewell,* for defendant in error :

1. The bankrupt act of 1867 has no such limit as that con-
tained in the act of 1841. Lemake *v.* Boothe, 47 Mo., 47 ;
4 Am. R., 326. The language of the act of 1867 is very broad.
See Jones *v.* Russell, 44 Ga., 460 ; Heffern *v.* Jayne, 39
Ind., 463.

2. The debt of defendant in error was not provable in
bankruptcy. The corn was deposited on March 7, 1871. The
bankrupts were discharged December 10, 1872. The attach-
ment was dismissed in 1873 ; the liability then accrued. The
demurrer to the plea was the proper form of reaching the
question. See Heffern *v.* Jayne, 13 Am. R., 281. The plea
was not good. Sordon *v.* Galewood, 1 Ind., 107.; Sackett *v..*
Andrews, 5 Hill (N. Y.), 327 ; Maple *v.* Burnside, 1 Denio,.
332 ; Byrens *v.* Newcomb, 1 Ind., 98.

CAMPBELL, J., delivered the opinion of the court.

In 1871 Horne interposed his claim to some corn which had

been seized under attachment against one Mason, and, in order to induce plaintiffs in error to become sureties on his bond for the trial of the right of property, Horne promised them, if they would become such sureties, to place in their hands said corn when it should be delivered to him, upon the approval by the officer of such bond. The bond was given, with plaintiffs in error as sureties, and the corn was delivered to Horne, and by him, under the agreement aforesaid, placed in the hands of plaintiffs in error, who, by said agreement, were to hold the corn for their indemnity against loss by reason of said suretyship until they should be released from all liability on said bond, and then they were to account to Horne for it. In May, 1872, plaintiffs in error were adjudicated bankrupts, and in December, 1872, they were discharged as such. In May, 1873, the attachment was dismissed and plaintiffs in error were released from all liability on said bond, and Horne afterwards called on plaintiffs in error to account for the corn he had delivered to them as aforesaid, and they refused to account for it, and he sued them in assumpsit to recover $398.25, the alleged value of the corn. They pleaded the general issue and their discharge in bankruptcy. The amended declaration sets forth the above stated facts in detail. The plaintiff demurred to the plea of discharge in bankruptcy, and the demurrer was sustained, and, defendants declining to plead over, trial was had on the general issue and judgment was given for plaintiff, and defendants below presented a writ of error.

Under the system of pleading established in this state we are not prepared to say that it is not admissible for plaintiff to set forth in his declaration all of the facts and special circumstances constituting his cause of action one which is not discharged by the discharge in bankruptcy of the defendants, and to meet the plea of discharge in bankruptcy by demurrer, but we have no hesitation in declaring our view to be that the better mode of declaring in such cases is as if there was no anticipation of a plea of discharge in bankruptcy, and for plaintiff

to reply to such plea the facts on which he relies to avoid its effect. Where the former mode is adopted the plaintiff should be held to the proof of every material fact averred in his declaration, if defendant traverses it.

Pretermitting an expression of opinion on whether the debt described in the declaration in this case was created by plaintiffs in error "while acting in any fiduciary character," we hold that it was not provable under the bankrupt law, and, therefore, was not discharged by the discharge in bankruptcy of plaintiffs in error. Its *existence* was contingent on an event which did not occur until after the discharge in bankruptcy of the debtors. Horne had no claim on them of any sort for the corn or its value until after they had been released from liability as sureties on his bond. Until then it was uncertain, and could not be determined, whether or not he would ever have any claim or demand against them under the contract about the corn. It was held without liability until the release of the bailees of it from the claimant's bond, and that did not occur until some time after the discharge in bankruptcy.

The evidence on trial of the case. under the general issue not being contained in the record, we must assume that plaintiff below established all the facts averred in his declaration; and as they show a debt which could not be proved in bankruptcy, and which, therefore, was not affected by the discharge of defendants below as bankrupts, we affirm the judgment.