# WILLIAM J. DOBBINS, Admr.

## *v.*

# SARAH J. CRUGER, Admx. *et al.*

### *Filed at Ottawa November 20, 1883.*

1. ASSIGNMENT—*a judgment not assignable.* A judgment is not assignable, either at the common law or under the statute, so as to vest the legal title in the assignee. It is a mere *chose in action,* and only the beneficial interest, whatever that may be, passes to the purchaser.

2. SAME—*assignee holds subject to all defences.* The assignee of a judgment takes it subject to all infirmities that existed between the parties to the record.

3. FRAUDULENT CONVEY. NOE—*vendor and purchaser—whether a grantor who has given covenants for title, may question that title.* Property conveyed to the wife of a judgment debtor by the usual warranty deed, can not, in the absence of any fraud on the part of the grantee, or of the debtor, towards the grantor, be subjected to the payment of a judgment in favor of the grantor, obtained before the making of the conveyance,—and this upon the principle, that a warrantor will not be permitted to assail a title which he has covenanted to maintain.

4. It is a rule, that when a person has conveyed lands by deed with full covenants of warranty, he will not be suffered to allege the lands are the property of another than his grantee. His deed will work an estoppel in that regard.

5. Or, if it appear that the grantor in a deed to the wife of a debtor made the deed with the knowledge that it was a scheme to hinder and delay other creditors of such debtor in the collection of their just debts, the grantor can not himself be permitted to challenge the validity of his own conveyance, made in furtherance of such scheme,—certainly not so far as his own preëxisting claim is concerned.

6. And if it be shown the grantor in such case permitted the debtor to pay his own money for property being conveyed to the wife of the latter, at a time when the grantor, one of the creditors, alleges his debtor was insolvent, and largely indebted to other persons,—that would be a fraud upon the other creditors, and as the grantor thus enabled the debtor to make such a disposition of his property, neither he, nor his assignee standing in his shoes, will be permitted to allege the fraud, or derive any advantage from the transaction.

Writ of Error to the Appellate Court for the Second District;—heard in that court on writ of error to the Circuit Court of Peoria county; the Hon. N. M. Laws, Judge, presiding.

Messrs. Hopkins & Hammond, for the plaintiff in error:

When the funds of one person are put into the purchase of land, and the legal title taken to another, the equitable title vests at once in the party whose money went into the purchase. When an insolvent debtor invests his funds in lands and has the legal title placed in another, such debtor is the equitable owner to the extent that his funds went into the purchase, and the lands are subject to the payment of his existing debts. The following authorities sustain the foregoing points: *Stevenson* v. *Thompson*, 13 Ill. 186; *Perry* v. *McHenry*, id. 227; *Williams* v. *Brown*, 14 id. 200; *Seaman* v. *Cook*, id. 501; *Nichols* v. *Thornton*, 16 id. 113; *Bruce* v. *Rouney*, 18 id. 67; *Franklin* v. *McEntyre*, 23 id. 91; *Loomis* v. *Loomis*, 28 id. 454; *Sheldon* v. *Harding*, 44 id. 68; *Holmes* v. *Holmes*, id. 168; *Roberts* v. *Opp*, 56 id. 34; *Tyler* v. *Daniel*, 65 id. 316; *Cookson* v. *Richardson*, 69 id. 137; *Mason* v. *Showalter*, 85 id. 133; *Emmons* v. *Moore*, id. 304; *Smith* v. *Smith*, id. 189; *Lofton* v. *Witboard*, 92 id. 461; *Cramer* v. *Hoose*, 93 id. 503; *Mathis* v. *Stufflebeam*, 94 id. 481; Perry on Trusts, secs. 126, 127; 1 Leading Cases in Equity, 203, 210, 333–364.

If the husband's solvency is such that he may make a settlement upon his wife by purchasing lands and placing title in her without jeopardizing or materially impairing the rights of his creditors, he may lawfully do so, but otherwise such gift and title to the wife are fraudulent and void as to existing creditors. *Moritz* v. *Hoffman*, 35 Ill. 553; *Gridley* v. *Watson*, 53 id. 186; *Sweeney* v. *Damron*, 47 id. 450; *Bridgford* v. *Riddell*, 55 id. 261; *Pratt* v. *Myers*, 60 id. 23; *Mitchell et al.* v. *Byrne*, 67 id. 522; *Emerson* v. *Bemis*, 69 id. 537; *Griffin* v. *First Nat. Bank*, 74 id. 259.

Messrs. PUTERBAUGH & PUTERBAUGH, for the defendants in error:

A judgment is not assignable at common law, or under the statute, so as to vest the legal title in the assignee. The assignee will take the judgment subject to all the equities existing between the original parties. *Hughes* v. *Trahern*, 64 Ill. 48; *Hossack* v. *Underwood*, 55 id. 123; *McJilton* v. *Love*, 13 id. 486; *Chamberlain* v. *Day*, 3 Cow. 353; *Jeffries* v. *Evans*, 6 B. Mon. 119.

The assignee of a judgment occupies no more favored position than that of the assignor. *Padfield* v. *Green*, 85 Ill. 529; *Himrod* v. *Baugh*, id. 435; *Allen* v. *Watts*, 79 id. 284; *Olds* v. *Cummings*, 31 id. 188.

Dobbins, by his warranty deed to Mrs. Cruger, is estopped, in both law and equity, from questioning her title as fraudulent in respect to creditors of her husband. *Andrews* v. *Coleman*, 82 Ill. 26; *Hoppin* v. *Hoppin*, 96 id. 272; *Jones* v. *King*, 25 id. 387; *Needham* v. *Clary*, 62 id. 344; Bigelow on Estoppels, 241.

A deed made to a wife to hinder and delay creditors of her husband is binding *inter partes*, and the grantor is estopped to allege the fraud. *Grant* v. *Morse*, 22 N. Y. 323; *Phillips* v. *Wooster*, 36 id. 412; *French* v. *Mehan*, 56 Pa. St. 286; *Clark* v. *Baker*, 14 Cal. 630.

A conveyance of a debtor's property is void only as to existing creditors when made to defraud them, and not as to subsequent creditors. *Woolbridge* v. *Gage*, 68 Ill. 157; *Mixell* v. *Lutz*, 34 id. 382; *Tunison* v. *Chamblin*, 88 id. 378. See, also, as to the rights of subsequent creditors: *Union Mutual Life Ins. Co.* v. *Spaids*, 99 Ill. 249; *Moritz* v. *Hoffman*, 35 id. 553; *Phillips* v. *North*, 77 id. 243; *Sweeney* v. *Damron*, 47 id. 451; *McLaurie* v. *Partlow*, 53 id. 340; *Crawford* v. *Logan*, 97 id. 396.

If, at the time of making a voluntary settlement by a father upon his children, he still retains sufficient property

to pay all his debts, such settlement can not be impeached, unless it is fraudulent in fact.  *Merrell* v. *Johnson,* 96 Ill. 224; *Fanning* v. *Russell,* 94 id. 386.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

Although the argument in this case has been elaborated at great length, the views entertained by the court on what are thought to be the controlling questions in the case may be shortly stated.  The bill is the usual creditor's bill, and its purpose is to subject certain real estate conveyed by Thomas S. Dobbins to Mary J. Cruger, by warranty deed containing full covenants, to the payment of a judgment recovered by the grantor against William H. Cruger, the husband of the grantee, which judgment had been recovered long before the making of the deed.  The bill was brought by the assignee of the original judgment creditor, and since her death the suit has progressed in the name of her executor.  The case may be treated as though the bill had been filed by the original judgment creditor.  It is but re-stating the former decisions of this court to say a judgment is not assignable at common law, or under the statute, so as to vest the legal title in the assignee.  It is a mere chose in action, and only the beneficial interest, whatever it may be, passes to the purchaser.  In this case the assignee of the judgment takes it subject to all infirmities that existed between the parties to the record.  The case is not therefore embarrassed by any collateral consideration, and it will be determined precisely as though the present litigation was confined to the original parties interested.

In the view taken of the case it will not be necessary to determine whether the original transaction was, in fact, a fraudulent scheme on the part of William H. Cruger to hinder and delay his creditors in the collection of their just debts against him, or to ascertain what portion, if any, of

the purchase money of the property conveyed to· Mrs. Cruger was in fact paid by him out of his own private funds. Both parties concede that a portion of the purchase money was paid from the separate funds of the grantee, derived from sources other than her husband. The effect of what the court is asked to decide is, that property conveyed to the wife of the judgment debtor, by the usual warranty deed, may be subjected to the payment of a judgment in favor of her grantor, obtained long before the making of the deed to her. This, it is thought, can not be done. The principle is, a warrantor will not be permitted to assail a title he has solemnly covenanted to maintain. It would be a solecism to say a party may destroy that which, at the same instant, he must uphold. How could he secure his grantee in the quiet enjoyment of the premises, and yet subject the property to the payment of a preëxisting indebtedness that might ultimately defeat the object of his grant? That would present a difficulty that could not well be overcome. It is, of course, impossible for the grantor, at the same time, to maintain the title to the property, and yet assail it as fraudulent as to himself.

The case seems to have been tried in the circuit court on the theory of the last amended bill,—that is, that at the time of the sale and conveyance of the property to Mrs. Cruger both she and her husband represented to the grantor that Mrs. Cruger had sufficient property and means in her own right with which to purchase and pay for the property, which representation he believed to be true, and on the faith of the same conveyed the premises to her, and that when the deed was delivered to her it was further represented she could not immediately procure the $5000, with which to make the cash payment, from her father's estate, but that her husband would, and did, advance the same temporarily for her, upon her undertaking she would reimburse him when funds should thereafter be received from her father's estate. This allega-

tion in the bill was doubtless made with a view to repel the idea the judgment creditor voluntarily and knowingly participated in what it is now alleged was a fraudulent scheme to hinder and delay the creditors of William H. Cruger in the collection of their just claims, of whom he was himself one. Unless this theory of the case can be maintained, it is not perceived how complainant can have any standing in a court of equity, for if it shall be once ascertained the judgment creditor voluntarily and knowingly participated in a fraudulent scheme to hinder and delay other creditors of William H. Cruger in the collection of their just debts, neither he nor his assignee can be permitted to challenge the validity of his own conveyance made in pursuance of that scheme,—certainly so far as his preëxisting claim is concerned. The answer of defendants denies the allegations of the bill in this respect, and, even treating the answer as not being under oath, it can hardly be said the bill, so far as that most material allegation is concerned, is sustained by any fair preponderance of the evidence. Both of the defendants state most positively they made no such representations, and there is but little, if anything, in the record, other than the testimony of the grantor, to overcome their positive denial. His testimony, unaided by other proof, is not sufficient to overcome the testimony given by the defence. The bill itself alleges William H. Cruger made the first payment of $5000 out of his own funds, and if there was no agreement on the part of his wife to repay, it is plain the grantor permitted his judgment debtor to pay his own money for property he was conveying to his wife, at a time when he alleges his debtor was insolvent, and largely indebted to other persons. That would be a fraud on the other creditors of William H. Cruger, and as the grantor enabled him to make such a disposition of his property, neither he, nor his assignee standing in his shoes, will be permitted to allege the fraud, or derive any advantage from the transaction. Other payments

13—108 ILL.

were made by Cruger out of his own funds on the notes given by his wife to secure the deferred installments, and were knowingly received by the grantor. His request made to William H. Cruger, to allow payments made out of his own funds to be credited on his judgment indebtedness to the grantor, was refused, and such payments were accordingly applied to the extinguishment of his wife's notes given for the property. It is a rule, resting on sound principle, that where a party conveys lands by deed, with full covenants of warranty, he will not be suffered to allege it is the property of any one other than his grantee. His deed works an estoppel in that regard. That principle has its application to the facts of the case being considered. Here the grantor conveyed the premises to the wife of his debtor by warranty deed, voluntarily, and with the full knowledge his debtor was paying at least a part of the purchase money out of funds that should equitably have been appropriated to the payment of the claims of his creditors. Under such circumstances neither the grantor, nor any one standing in his shoes, will be allowed to assert the transaction was illegal, and make it the basis of equitable relief in his own favor. The following cases sustain in some degree the views here expressed, and some of them bear a close analogy to the case in hand, and are therefore authorities in point: *Jones* v. *King,* 25 Ill. 383; *Needham* v. *Clary,* 62 id. 344; *Grant* v. *Morse,* 22 N. Y. 323; *Phillips* v. *Wooster,* 36 id. 412; *French* v. *Mehan,* 56 Pa. St. 286; *Clark* v. *Baker,* 14 Cal. 630.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE DICKEY took no part in this decision.