## James C. Alling v. Bessie Straka.

### Gen. No. 11,738.

1. DISCHARGE IN BANKRUPTCY—*what released by*. A discharge in bankruptcy releases a bankrupt from the payment of all obligations provable against his estate at the time of the filing of his petition.

2. DISCHARGE IN BANKRUPTCY—*when failure to schedule debt does not affect*. The burden is upon the plaintiff to show by way of answer to the defense of a discharge in bankruptcy, that the defendant did not schedule in the bankruptcy proceeding the particular debt in suit; and in the absence of proof of such omission, the discharge is operative.

3. DISCHARGE IN BANKRUPTCY—*debts affected by, if not scheduled*. Notwithstanding debts may not have been scheduled in a bankruptcy proceeding, yet they are released by the discharge in bankruptcy if the creditors had knowledge of the pendency of such proceedings.

Action commenced before justice of the peace. Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in this court at the March term, 1904. Reversed and remanded. Opinion filed February 9, 1905.

EDWARD H. ALLING, for appellant.

No appearance for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

We must reverse this judgment and remand the cause. It came to the court below on an appeal from a justice, and there were no written pleadings therefore.

The plaintiff below—appellee here—produced a note signed by the defendant below—appellant here—to her order, dated November 27, 1899, due one year after date, for $101.65, with interest at seven per cent. per annum. Payments amounting to $11 were admitted by appellee to have

been made on the note, but no new promise after its date to pay it was proven.

Defendant offered in evidence a duly authenticated certificate of his discharge in bankruptcy, entered of record in the District Court of the United States for the Northern District of Illinois, on July 10, 1900, discharging appellant from all provable debts against his estate, which existed on June 22, 1899, when he filed his petition in bankruptcy. The trial judge sustained an objection to it and excluded it. This was plainly error. The debt was a provable one in bankruptcy, absolutely owing at the time of the filing of his petition, although not then payable. U. S. Bankruptcy Act of 1898, chapter 7, sec. 63. The trial judge seems to have placed his ruling on the ground that "the certificate did not show that the appellant scheduled in bankruptcy this particular debt." It was not necessary for the appellant to show this fact at all. The discharge is *prima facie* evidence of release from all provable debts. If the debt sued on falls within one of the exceptions of the Bankruptcy Act, it is a matter of reply, for the plaintiff to make. The burden is upon her to prove it. Had the suit been an original one on written pleadings, and the declaration shown an allegation of a provable debt merely, the defendant would have needed only to plead his discharge. It would then have been necessary for plaintiff to make by replication the allegation that the debt was one excepted from the operation of the Act, and the burden of proof would have followed the pleadings. The plaintiff would have been compelled to sustain her replication by evidence after the discharge had been shown. If, on the other hand, her declaration had alleged that the debt was an excepted one for reasons given, she would have been held to the proof of all such allegations in the first instance. Jacobson, Wolffe & Co. v. Horne, 52 Miss. 185; Brown v. Broach, 52 Miss. 536; Goodman v. Herman, 172 Missouri, 344. But even if this were not so, and the defendant had the burden of proving that he had scheduled this debt, there would have been no justification for excluding the discharge. He

could not prove his whole case at once, and the schedule was no part of the discharge. Moreover, under the Bankruptcy Act, provable debts not scheduled are released by a discharge, if the creditor had notice or actual knowledge of the proceedings in bankruptcy. Bankruptcy Act, chapter 3, section 17. Appellant offered to prove this knowledge by the appellee, herself, and the evidence was, on objection, excluded. This was another plain error. Of course, it follows also that the direction to the jury to find for the plaintiff was error.

The judgment-is reversed and the cause remanded.

*Reversed and remanded.*