## B. A. L. Thomson, Appellant, v. Edward E. Caverley, Appellee.

### Gen. No. 14,461.

1. JUDGMENTS—*who may sue upon.* Prior to the act of July 1, 1907, the assignee of a judgment could not maintain an action thereon in his own name.

2. JUDGMENTS—*act authorizing suit by assignee construed.* The amendment to the Practice Act in force July 1, 1907, by which an assignee of a judgment is authorized to maintain an action thereon in his own name, is not to be given a retroactive effect and has application only to actions commenced since it went into force.

3. BANKRUPTCY—*when discharge defense.* A discharge in bankruptcy as a bar to an action is not affected by a defense which consists of a verbal showing that the debt sued upon was not contained in the schedule of liabilities filed in the bankruptcy proceeding—proof of omission to schedule should be made by the production of such schedules.

4. BANKRUPTCY—*effect of failure to schedule.* Failure to schedule a debt does not affect the force of the discharge as to such debt, if the debtor had actual notice of the bankruptcy proceedings.

Assumpsit. Appeal from the County Court of Cook county; the Hon. ROLLAND A. RUSSELL, Judge, presiding. Heard in this court at the March term, 1908. Affirmed. Opinion filed May 3, 1909.

ALEXANDER COLLINS, for appellant.

CHARLES J. O'CONNOR, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

On the twenty-fourth day of June, 1899, one A. L. Thomson recovered a judgment against the appellee before Martin R. M. Wallace, a justice of the peace for the county of Cook, for forty-eight and 60/100 dollars and costs of suit, and on the same day by an instrument under seal, the said A. L. Thomson assigned that judgment to the appellant. On November 24, 1906, the assignee of that judgment, the appellant, commenced a suit before another Cook county justice of the peace, one Aaron C. Strayer, against appellee on an alleged claim to revive the judgment entered by Wallace in favor of his assignor against appellee. In all the subsequent proceedings, however, the action proceeded in assumpsit. In the proceedings before Strayer a judgment was rendered in favor of appellant and against appellee for $72 and costs of suit, from which appellee prosecuted an appeal to the County Court, whereupon a trial before the court with a jury, appellee prevailed and appellant now seeks our review of the record.

The primary question presents itself for our consideration as to whether appellant, as assignee of the judgment first recited, can maintain an action based upon it in his own name, and underlying and subsidiary to this question is whether a discharge in bankruptcy can be overcome by negative parol proof that the debt sued for does not appear to have been scheduled in the bankruptcy proceeding. To the latter proposition and the intemperate remarks of appellee's counsel to the jury, counsel for appellant restricts his argument.

In Dobbins v. Cruger, 108 Ill. 188, the court say: "It is but restating the former decisions of this court to say that a judgment is not assignable at common law or under the statute so as to vest the legal title in the assignee. It is a mere chose in action and only

the beneficial interest, whatever it may be, passes to the purchaser.'' If the legal title to the judgment is not vested in appellant, it follows logically, under the doctrine announced in the above quotation, that he cannot maintain any action at law thereon. McJilton v. Love, 13 Ill. 486; Hughes v. Trahern, 64 *ibid*. 48. This was the law at the time of the institution of this suit, although the Legislature has since changed the law by enacting section 18 of the amendment to the practice act in force July 1, 1907, by which enactment an assignee of a judgment may now maintain an action thereon in his own name. This statute, however, has no retroactive effect and is only applicable to actions commenced since it went into force.

Appellee put in evidence his discharge in bankruptcy, the effect of which appellant sought to avoid by testifying that he ''had searched the three sets''— referring to appellee's bankrupt schedules—''and the name of B. A. L. Thomson, either by initial or name, or that of Agnes J. Thomson, do not appear in any one of the three schedules filed in that court.'' On motion of appellee this evidence was expunged from the record. Appellant contends such ruling of the trial court was error, and cites Cross v. Pinckneyville, 17 Ill. 54, and City of Beardstown v. City of Va., 81 *ibid*. 541, to sustain his contention. We do not think these cases have any application to the point under discussion. In the Cross case, while the court held that the certificate of the Secretary of State that a duplicate of the certificate of organization of a company had not been filed in his office, was not evidence, still it held further that a failure so to do did not defeat the organization. The Beardstown case involved the certificate of a circuit clerk that there was no evidence in the records of the court in relation to the naturalizing of certain persons. In both these cases the negative certificates were concerning records. Schedules in bankruptcy are not records, but files in the bankruptcy proceeding. The best evidence

that the debt in controversy was not set forth in the schedules, would be the schedules themselves, or a certified copy thereof. Such schedules, unlike public records, are within a reasonable compass and easy to produce as evidence. They are the best evidence obtainable, and the law requires the best evidence available and will not excuse its non-production except for cogent reasons. It would be attended with much risk to allow the rights of parties to rest on the unsupported word of what was not contained in a written document, of a person inexperienced in matters about which he assumes to testify. The discharge in bankruptcy was a complete defense to the judgment, even as against the assignor, and it stands to reason that the advantage so given by the judgment of a Federal Court cannot be overcome and avoided by the testimony of what an available document does not contain. One might as well maintain that parol proof that a conveyance lacked a covenant material to make it effective to convey title was sufficient to defeat it, without the production of the conveyance itself, as to contend that the legal effect of a discharge in bankruptcy could be overcome by negative parol testimony as to what some schedules of the bankrupt did not contain. Especially is the danger of such testimony apparent, if admitted, when we take into consideration the fact, so far as the record fails to disclose to the contrary, that the witness was unskilled in the proceedings of bankruptcy courts and not familiar with legal terms, and that the debt might have been scheduled in its original form without reference to the judgment in which it afterwards became merged, and though present in such form its legal effect might not be discernible to an inexperienced person, though seen by him.

Even had appellee failed to schedule the debt, still if appellant had notice or actual knowledge of the bankruptcy proceedings, this would have operated to make the discharge effective as a bar to a recovery.

Section 17, chapter 3, Bankruptcy Act; Alling v. Straka, 118 Ill. App. 184.

Whatever may be said about the remarks of counsel objected to, they in no way affected the right of appellant, as under the proofs he is in no event entitled to prevail.

The judgment of the County Court being without error is affirmed.

*Affirmed.*