## The People of the State of Illinois, Defendant in Error, v. Chene Cohen, Plaintiff in Error.

## Gen. No. 15,720.

## The People of the State of Illinois, Defendant in Error, v. Chene Cohen et al., Plaintiffs in Error.

## Gen. No. 15,917.

## Consolidated for Hearing.

1. MUNICIPAL COURT—*in what cases writ of error lies.* A writ of error lies to review proceedings supplemental to a judgment, including an order committing for contempt.

2. MUNICIPAL COURT—*what without jurisdiction.* It is not within the jurisdiction of the Municipal Court to set aside a conveyance as in fraud of creditors.

3. MUNICIPAL COURT—*what without jurisdiction.* It is not within the jurisdiction of the Municipal Court in supplemental proceedings to order the defendant in a judgment to pay money not shown to be in his possession or control.

4. MUNICIPAL COURT—*extent of power in supplemental proceedings.* The power of the Municipal Court in supplemental proceedings is limited to personal property.

5. APPEALS AND ERRORS—*what subject to review in contempt proceeding.* A writ of error to review a judgment of commitment brings up as well the order for the disobedience of which the commitment was made as the order of commitment itself.

6. CONSTITUTIONAL LAW—*when questions waived.* As the Appellate Court has no jurisdiction to determine constitutional questions, all such questions are waived by prosecuting an appeal to the Appellate Court which involves by the assignments of errors other questions than those of constitutional law.

Error to the Municipal Court of Chicago; the HON. SHERIDAN E. FRY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909.. Reversed. Opinion filed October 4, 1911.

B. M. SHAFFNER, for plaintiffs in error.

ARTHUR C. BACHRACH and SYDNEY LYON, for defendant in error.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

In No. 15720 plaintiff in error, Chene Cohen, prosecutes her writ of error to reverse a judgment of the Municipal Court entered against her for contempt in a proceeding supplemental to a judgment in said court by confession in favor of one Pollak against P. Cohen and Charles Cohen for $171 and costs. Execution was issued March 17, 1909, and the judgment debtors filed their sworn schedules, wherein it appeared that neither possessed personal property subject to execution and thereupon the execution was returned *nulla bona* June 16, 1909. Upon the petition and affidavit of the attorney for the judgment creditor, the judgment debtors and plaintiff in error, the wife of P. Cohen, one of said judgment debtors, were cited to appear in court and be examined under oath concerning the property belonging to said judgment debtors. At the conclusion of the examination of P. Cohen and his wife had in pursuance of such citation on April 30, 1909, the court entered a finding and order substantially as follows: That on December 16, 1908, P. Cohen held the legal title to certain premises known as No. 482 Colorado avenue in the city of Chicago, and then conveyed the same to a third party, who

then immediately conveyed the same to plaintiff in error; that plaintiff in error neither parted with nor paid any consideration for said premises, and that her husband P. Cohen received no consideration for the conveyance of said premises; that said premises were so conveyed to plaintiff in error with the intention of defrauding defendant in error, and that as to the defendant in error such conveyance was null and void; that said premises were not a homestead and consisted of a flat building having three flats, all of which were rented and were bringing in an income to P. Cohen of approximately $90 per month; that plaintiff in error pay to the bailiff of the court the sum of $30 before 2 o'clock p. m. on May 7, 1909, and the bailiff apply said $30 in part satisfaction of the judgment.

On May 7, 1909, the court entered an order requiring plaintiff in error to show cause, if any she had, on May 14, 1909, why she should not be attached and punished for contempt for her failure to comply with the order of April 30th, preceding. Plaintiff in error having failed to appear on the day named, she was brought into court by virtue of a writ of attachment then ordered to be issued, and plaintiff in error then having shown no cause why she should not be adjudged to be in contempt of court for her failure to comply with the order theretofore entered, was by the court so adjudged to be in contempt, and was ordered to be committed to the common jail of the county, there to remain until she should comply with the order of the court by paying the sum of $30 to the bailiff, providing said term of imprisonment should not exceed six months, or until she should be otherwise discharged by due process of law.

Defendant in error has moved the court to dismiss the writ of error upon the ground that no right of review by writ of error of a final judgment of the Municipal Court in proceedings supplemental to

judgment exists. In support of such contention it is urged that the right of review by writ of error is not expressly authorized by the statute; that a writ of error unless authorized by statute only lies in cases in which the jurisdiction of the lower court is exercised according to the course of the common law, whereas the jurisdiction of the Municipal Court in proceedings supplemental to judgment is not so exercised.

Section 64 of the Municipal Court Act prescribes the mode of proceedings supplemental to judgment, and section 23 of the same act provides that the final orders and judgments of the Municipal Court in cases of the fourth class shall be reviewed by writ of error only.

It is not asserted by defendant in error that the order for commitment for contempt here involved is not a final order, and it must be conceded that such order was entered in a case of the fourth class for the purpose of enabling the judgment creditor to realize upon his judgment recovered therein. The proceeding supplemental to the judgment is summary in its character and the jurisdiction of the Municipal Court to enter any order and judgment therein is referable solely to its jurisdiction to enter judgment in the principal case.

If the right to sue out a writ of error to review a final order and judgment of the Municipal Court in such a proceeding required statutory authority therefor, we should not be disposed to adopt a construction of the statute which, as contended by defendant in error, would necessarily preclude any review upon the merits of such final order and judgment. Furthermore, as the power to punish for contempt is inherent in a court of justice, according to the common law, independent of a statute (The People v. Wilson, 64 Ill. 195; Dahnke v. The People, 168 Ill. 102) the jurisdiction of the Municipal Court to enter the judgment in the case at bar was exercised according to the course of

the common law, and the judgment so entered is reviewable by writ of error.

The motion to dismiss the writ of error will be denied.

It is urged by defendant in error that inasmuch as plaintiff in error did not seek to have the order of April 30, 1909, directing her to pay the money to the bailiff reviewed by writ of error the propriety of such order is not reviewable upon this writ of error, and the case of Berkson v. The People, 51 Ill. App. 102, is cited in support of that position. It will suffice to say that there was a holding to the contrary by the Supreme Court in the same case on appeal. 154 Ill. 81.

Plaintiff in error insists in the first instance that so much of section 64 of the Municipal Court Act as provides for proceedings supplemental to the judgment is unconstitutional and void. This court has no jurisdiction to consider and determine the question sought to be raised, but as the assignment of errors upon the record presents questions which this court has jurisdiction to consider and determine, plaintiff in error must be held to have waived the constitutional question by prosecuting this writ of error here. Luken v. L. S. & M. S. Ry. Co., 248 Ill. 377.

The order of the Municipal Court entered April 30, 1909, must be justified, if at all, by the provisions of the second paragraph of section 64 of the Municipal Court Act, which paragraph is as follows:

"Second. Where it appears from the examination or testimony taken pursuant to the provisions of this section that the judgment debtor has in his possion (possession) or under his control money or other property belonging to him and not exempt from execution, or that money, choses in action, or one or more articles of personal property capable of delivery, and the right of possession of which in said judgment debtor is not

substantially disputed, and which are not exempt by law from execution or garnishment, are in the possession or under the control of such other person or corporation, the court may, in its discretion, make an order directing the judgment debtor, or such other person or corporation, immediately to pay the money, assign the chose in action or deliver the articles of personal property to the bailiff of the Municipal Court to be by him collected or sold at public sale and the proceeds thereof applied towards the satisfaction of said execution and if the amount of money, or the proceeds of such collection or sale shall exceed the amount due upon such execution and the costs accrued thereon, the overplus shall be paid to the said judgment debtor.''

So far as authority is thereby conferred upon the court to require any person or corporation to turn over property in his or its possession belonging to the judgment debtor, to the bailiff for the use of the judgment creditor, it is limited in its application to personal property, viz: ''Money, choses in action, or any one or more articles of personal property capable of delivery.''

It cannot be pretended that section 64 empowers the Municipal Court to set aside a conveyance of real estate and to declare the same null and void as to the judgment creditor, even though such conveyance was either in fact or in law fraudulent as to creditors. No such power is vested in the Municipal Court by the act creating it, and the order was unauthorized and void. The order of the court entered April 30, 1909, directing plaintiff in error to pay to the bailiff $30 to be applied upon the judgment was also unauthorized for the reason that it was necessarily predicated upon the *extrajudicial* order of the court setting aside the conveyance, and for the further reason that it does not appear plaintiff in error had the $30 in her posses-

sion or under her control at the time the order was entered.

In No. 15917 Chene Cohen and Pesach Cohen prosecute their writ of error to reverse a judgment of the Municipal Court whereby each of said plaintiffs in error was adjudged to be in contempt of court for having conveyed the real estate involved in the preceding case to one Isador Cohen, in violation of an order of said court enjoining a conveyance of the same, and were each further adjudged to pay a fine of $70 and to be committed to the common jail of Cook county until they should pay said fine, or be otherwise discharged by due process of law.

What we have heretofore said in the preceding case relative to the jurisdiction of the Municipal Court in proceedings supplemental to judgment as being limited to personal property, renders it unnecessary to further discuss the question involved in the writ of error in this case.

For the reasons stated the judgments of the Municipal Court in both cases will be reversed.

*Reversed.*