**Fred Halberg, Appellee, v. J. C. Fick.  On Citation against J. C. Fick and Hansine Fick to reach assets.  Hansine Fick, Appellant.**

### Gen. No. 25,159.

1. APPEAL AND ERROR, § 290*—*when order in supplemental proceedings is appealable.*  An order of the trial court made on proceedings supplemental to a judgment theretofore entered, and for the evident purpose of enabling the judgment creditor to realize on his judgment, is appealable.

2. APPEAL AND ERROR, § 1303*—*when order will be presumed supported by evidence.*  Where, on an appeal from an order entered in a supplementary proceeding under section 64 of the Municipal Court Act (J. & A. ¶ 3381) directing the judgment debtor's wife to transfer to the bailiff of the municipal court her title and interest in a judgment obtained by her against third persons, the evidence at the hearing under the citation is not preserved in the transcript, it will be presumed that there was sufficient evidence showing that the "right of possession" of said judgment in the judgment debtor was not substantially disputed, especially where it appears from a recital of such order that the sale by the wife which formed the basis of the judgment obtained by her was fraudulent as against the judgment creditor.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

3. EXECUTION, § 270*—*when judgment may be ordered delivered in supplemental proceedings.* A judgment obtained by a judgment debtor's wife, the right of the judgment debtor to which is not substantially disputed, is a *chose in action* of the judgment debtor which the court may order delivered to the bailiff for the use of the judgment creditor, in a supplementary proceeding under Municipal Court Act, sec. 64 (J. & A. ¶ 3381).

BARNES, J., dissenting.

Appeal from the Municipal Court of Chicago; the Hon. HUGH STEWART, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1919. Affirmed. Opinion filed April 30, 1920.

WILLIAM R. BULLION, for appellant.

No appearance for appellee.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

Fred Halberg, plaintiff, commenced a fourth-class action in the municipal court of Chicago against J. C. Fick, defendant, for a balance due upon a written contract for the purchase of certain merchandise. Fick was served with process and was defaulted, and on October 31, 1918, the court heard evidence as to plaintiff's damages and entered a finding and judgment against Fick for $106. On December 28, 1918, plaintiff filed a verified petition for a citation to reach assets, under section 64 of the Municipal Court Act (J. & A. ¶ 3381), against the judgment debtor and Hansine Fick, his wife. In said petition plaintiff set forth the entry of said judgment on October 31, 1918, and alleged that on November 8, 1918, execution on said judgment was issued and that a demand had been made on the judgment debtor but that he had failed to satisfy the judgment; that petitioner believes that said judgment debtor has property in the City of Chicago which he unjustly refuses to apply towards the satis-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

faction of said judgment, and further believes that Hansine Fick has in her possession personal property of said judgment debtor not exempt from execution or garnishment and that she is indebted to him in a sum exceeding the amount exempt by law from garnishment. On the same day the citation was issued and was subsequently served, and both J. C. Fick and Hansine Fick appeared and were examined under oath. On January 14, 1919, the court entered a draft order in which it was recited that it appeared from their admissions that J. C. Fick had theretofore purchased from plaintiff certain merchandise; that the judgment for $106 rendered against him was for a part of the purchase price of the same; that he had permitted his wife, Hansine Fick, to sell said merchandise to Waclav Kotecki and Frank Dani; that she had recently obtained a judgment in the municipal court, Case No. 656,463, against them for $200 for a part of the purchase price of said merchandise; and that said sale by her was fraudulent as against the plaintiff. And the court, in said draft order, ordered that said Hansine Fick, wife of J. C. Fick, assign and transfer all her right, title and interest in and to said judgment against Waclav Kotecki and Frank Dani to Dennis J. Egan, bailiff of the municipal court, to the amount of said judgment of $106, and costs, within 5 days. From this order Hansine Fick prayed and perfected this appeal.

No bill of exceptions, statement of facts or stenographic report of the proceedings is contained in the transcript of the record before us. We have not been favored with a brief and argument by the appellee. The only error assigned by appellant is that "the court erred in ordering the appellant to assign to the bailiff of the municipal court any portion of a judgment in her favor to liquidate the debts of her husband, J. C. Fick, in the citation proceedings."

Inasmuch as the order of the trial court was made

on proceedings supplemental to a judgment theretofore entered, and for the evident purpose of enabling the judgment creditor to realize on his judgment, we are inclined to think that the order is an appealable one. (*Illinois Brewing & Malting Co. v. Ilmberger,* 155 Ill. App. 417; *People v. Cohen,* 163 Ill. App. 115, 118; *Israelstam v. U. S. Casualty Co.,* 272 Ill. 161, 165.)

The order in question must be justified, if at all, by the provisions of the second paragraph of section 64 of the Municipal Court Act (J. & A. ¶ 3381), which is as follows:

"Second. Where it appears from the examination or testimony taken pursuant to the provisions of this section that the judgment debtor has in his possession or under his control money or other property belonging to him and not exempt from execution, or that money, choses in action, or one or more articles of personal property capable of delivery, and the right of possession of which in said judgment debtor is not substantially disputed, and which are not exempt by law from execution or garnishment, are in the possession or under the control of such other person or corporation, the court may, in its discretion, make an order directing the judgment debtor, or such other person or corporation, immediately to pay the money, assign the chose in action or deliver the articles of personal property to the bailiff of the municipal court to be by him collected or sold at public sale and the proceeds thereof applied towards the satisfaction of said execution and if the amount of money, or the proceeds of such collection or sale shall exceed the amount due upon such execution and the costs accrued thereon, the overplus shall be paid to the said judgment debtor."

So far as authority is conferred upon the court by said second paragraph of said section to require any person or corporation, other than the judgment debtor, to turn over property in his or its possession or control to the bailiff for the use of the judgment creditor,

it is limited in its application to "money, *choses in action,* or one or more articles of personal property capable of delivery," and where "the right of possession of which in said judgment debtor is not substantially disputed, and which are not exempt by law from execution or garnishment." (See *People v. Cohen*, 163 Ill. App. 115, 120.)

We are not advised that the statute in question has been construed by our Supreme Court. Somewhat similar provisions are contained or have been contained in the codes of the States of New York, Ohio, Indiana, Kentucky, Wisconsin and California, and several of the supplemental proceedings authorized by said codes have been held to be in the nature of a convenient substitute for a creditor's bill. (*Butler v. Jaffray*, 12 Ind. 504, 507; *Adams v. Hackett*, 7 Cal. 187, 191; *Kellogg v. Coller*, 47 Wis. 649, 655.)

The order in the present case was that Hansine Fick assign all her interest in a judgment of $200 which she had theretofore obtained against the two persons named, to the extent of $106 and costs, to the bailiff of the municipal court within 5 days. The question is: Can the $200 judgment in this case be construed as a "chose in action"? If it can, then we think that the order should be affirmed, and for the reason that, the evidence at the hearing under the citation not being preserved in the transcript, we must presume that there was sufficient evidence before the court showing that the "right of possession" of said chose in action in said J. C. Fick was "not substantially disputed." Furthermore, it appears from one of the recitals in the court's order that the sale of the merchandise by Hansine Fick to said persons named (which sale was the foundation for said judgment of $200) was "fraudulent as against the plaintiff."

In 1 Bouvier's Law Dictionary (Rawle's 3rd Ed.), p. 483, in discussing the phrase "chose in action," it is said: "It is difficult to find out the exact meaning

of the expression; * * *. It now includes all personal chattels which are not in possession. * * * It includes * * * all debts and all claims for damages for breach of contract.'' In the same volume (p. 786), a ''judgment debt'' is defined as ''one which is evidenced by matter of record.'' In 6 Amer. & Eng. Encyc. of Law, in a note on page 6, it is said: ''A judgment is a chose in action within the meaning of statutes authorizing the assignment of choses in action.'' (See *Murphy v. Cochran*, 1 Hill [N. Y.] 339, 342; *Ware v. Bucksport & B. R. Co.*, 69 Me. 97, 100.) In 32 Cyc. p. 670, it is said: ''While the application of the term 'chose in action' must in some cases be determined by the construction of a particular statute, it is, as ordinarily used, very broad and comprehensive, being applied both to the right of bringing an action and the thing itself, which is the subject-matter of the right, and it has been held to include bank notes, a bill of lading, * * * a *judgment of a court,* a life insurance policy, * * *.'' In *McJilton v. Love,* 13 Ill. 486, 495, it is said: ''McJilton * * * was the assignee of the judgment, and had the control of the execution. * * * He took the judgment subject to all the equities subsisting between the original parties. * * * A judgment cannot be so transferred as to vest the legal interest in the assignee. It is *a mere chose in action,* and the beneficial interest only passes by the assignment.'' (See also *Ballinger v. Tarbell,* 16 Iowa 491, 494; *Tiffany v. Stewart,* 60 Iowa 207, 211; *Hughes v. Trahern,* 64 Ill. 48, 53; *Pearson's Ex'rs v. Luecht,* 199 Ill. 475, 482; *Dobbins v. Cruger,* 108 Ill. 188, 191.)

Under the statute in question and under the circumstances disclosed, we are of the opinion that said $200 judgment should be construed as a chose in action, and for the reasons indicated the order of the municipal court is affirmed.

*Affirmed.*

Mr. Presiding Justice Matchett concurs, Mr. Justice Barnes dissenting.

Mr. Justice Barnes dissenting: Whether under section 64 of the Municipal Court Act (J. & A. ¶ 3381) a judgment debtor may be required to assign a judgment in his favor, is one question, but whether a judgment in favor of a third party can be reached by such procedure, is another. I do not think that a judgment in favor of a third party comes within the purview of said section as "a chose in action" that can be said to come within the meaning of the words "in the possession or under the control of such other person."

Nor do I think that the section contemplates extending to the municipal court an equitable jurisdiction such as was exercised in the instant case in divesting a third party of rights that have been adjudicated in her favor and merged into a judgment in her name. The sole basis of the order of the lower court under review, as appears from its findings, is that a sale of merchandise by the judgment debtor's wife was fraudulent as to plaintiff. But there is no recital of a single fact that supports such a conclusion. From the facts recited fraud is not inferable. In substance they are that plaintiff sold the merchandise to the judgment debtor, for a part of the purchase price of which plaintiff obtained the judgment, and that later the merchandise was sold by defendant's wife and she in turn obtained judgment against her vendee for part of the purchase price. On what theory her sale of the property to which plaintiff had no title and claims no lien could be a fraud against him, or on what equitable doctrine—assuming the municipal court can exercise such equitable powers—plaintiff can divest a third party of a judgment or any other property in her favor without showing an indebtedness from her to plaintiff's judgment debtor, is not readily apparent.

As the proceeding is an equitable one in its nature, and there is no bill of exceptions, I think the order must be considered with reference to the findings of fact it contains, and should be reversed.