*Reversed and remanded.*

McSURELY, P. J., and MATCHETT, J., concur.

---

### Dr. E. W. Mueller, Defendant in Error, v. Mrs. Camille Van Driessche, Plaintiff in Error.

### Gen. No. 29,470.

1. CONTEMPT—*when commitment to jail not justified by showing.* An order committing a judgment debtor to jail for contempt of court for failure to make payments on the judgment, as she agreed to do when cited under section 64 of the Municipal Court Act, Cahill's St. ch. 37, ¶ 457, for examination concerning her property, was not justified where the only testimony presented at the examination showed that she had no property or assets subject to execution.

2. CONTEMPT—*when commitment for definite period erroneous.* An order adjudging a judgment debtor in contempt for failure to make payments as agreed upon and embodied in an order of the court at a hearing under section 64 of the Municipal Court Act, Cahill's St. ch. 37, ¶ 457, was erroneous in directing that defendant be imprisoned for a definite period.

3. CONTEMPT—*when commitment of debtor for disobedience of order to pay judgment unauthorized.* Section 64 of the Municipal Court Act, Cahill's St. ch. 37, ¶ 457, does not authorize the court to imprison a defendant for mere failure to make payments on a judgment as ordered where defendant had not been guilty of fraud or refused to deliver up her estate for the benefit of creditors.

Error by defendant to the Municipal Court of Chicago; the Hon. PHILIP J. FINNEGAN, Judge, presiding. Heard in the first division of this court for the first district at the October term, 1924. Reversed. Opinion filed April 13, 1925.

OSCAR F. NELSON and JOSEPH A. RICKER, for plaintiff in error.

CHARLES J. MUELLER, for defendant in error.

MR. JUSTICE JOHNSTON delivered the opinion of the court.

This is a writ of error prosecuted by the plaintiff in error, Camille Van Driessche, from a judgment in the municipal court of Chicago in supplemental proceedings under section 64 of the Municipal Court Act [Cahill's St. ch. 37, ¶ 457], adjudging the defendant guilty of contempt of court and ordering her to be committed to the county jail for five days.

In an action by the plaintiff, Dr. E. W. Mueller, the plaintiff obtained a judgment against the defendant in the sum of $265.46 and costs. An execution was issued on the judgment and a return of *nulla bona* was made by the bailiff. The defendant filed a sworn schedule which stated that the following property constituted all of her property of every kind and character: "Necessary wearing apparel; one wedding ring; one sewing machine; one-half interest in dishes and kitchen utensils; cash on hand $4.00." Thereafter an order of court was issued under section 64 of the Municipal Court Act, citing the defendant to attend before the court and be examined "concerning the property of judgment debtors in this

cause." In response to this order, the record shows as follows: "The defendant agreed to pay twenty-five dollars ($25.00) on April 1, 1924, to the bailiff and twenty-five dollars ($25.00) each month thereafter until the judgment and costs are paid." Subsequently, on motion of the plaintiff for a rule on the defendant to show cause why she should not be punished for contempt of court for failure to comply with the above order, the following order was entered:

"And it appearing to the Court from the Records and Files of this Court: That the defendant appeared before this Court in answer to a Citation Summons, on the 19th day of March, A. D. 1924, and the Court further being advised that the said defendant was examined in open Court, relative to her assets and property by the Honorable John F. Haas, one of the associate judges of this Court and that thereafter, the defendant agreed to pay on account of the judgment entered in the above entitled cause, $25.00 on the 1st day of April, A. D. 1924, and the further sum of $25.00 on the 1st day of each succeeding month thereafter, until said judgment was satisfied. That an order in accordance with the aforesaid agreement was then and there entered by the Honorable John F. Haas, Judge. That the said defendant, Mrs. E. Van Driessche was brought before this court on this date, on a motion for a rule to show cause why she should not be held in contempt of court, for failure to comply with the aforesaid order, entered in this matter on the 19th day of March, A. D. 1924, a notice of which was duly served on her in person and the said defendant being again examined in open court, again refused, failed and neglected to comply with said order and still refuses, fails and neglects to comply with said order, this court finds her in contempt, for failure, refusing and neglecting to comply with said order of the 19th day of March, A. D. 1924, entered in the above entitled case and sentences said defendant, Mrs. E. Van Driessche, to be committed to the custody of the sheriff of Cook County, Illinois, he

to confine the said defendant, Mrs. E. Van Driessche, in the Cook County Jail for Five (5) days, unless otherwise discharged, by due course of law."

Counsel for the defendant contend that the order adjudging the defendant in contempt of court, and sentencing her to be committed to the county jail for five days, is invalid for the reason that the order does not find that the defendant had in her possession or under her control money or property belonging to her and not exempt from execution.

We are of the opinion that the contention of counsel for the defendant is correct. The record does not show by an order of court or by any evidence that the defendant had in her possession or under her control money or property belonging to her and not exempt from execution. The evidence in fact shows the contrary. Before the court entered the order adjudging the defendant guilty of contempt of court, the court examined the defendant. In this examination the defendant repeatedly stated that she could not pay because she had no money; that she had nothing on which any money could be realized; that her husband would not pay; that she wanted her brother to pay and that he said he would pay out of his bonus if the plaintiff would wait a little longer.

There is no evidence to contradict this testimony of the defendant. Furthermore, her schedule shows that she had no property.

In the case of *People v. Cohen,* 163 Ill. App. 115, an order in proceedings under section 64 of the Municipal Court Act, directing the defendant to pay $30 to the bailiff, was held (pp. 120, 121) to be invalid because "it did not appear" that the defendant had $30 in her possession or under her control at the time the order was entered.

Analogously in the case of *Blake v. People,* 80 Ill. 11, in which, under an order of court, the defendant was arrested and brought in court for a failure to make

payment of several instalments of alimony, the court said (p. 14):

"That courts possess power to commit as for contempt to compel obedience to decrees for the payment of alimony, has been recognized by this court in a number of cases. * * * While this extraordinary power is conceded to rest in the courts, it is nevertheless subject to this limitation, imposed by the constitution, that a party may not be imprisoned except in cases where it shall appear he has the pecuniary ability to enable him to comply with the decree, and his disobedience is wilful."

To the same effect are the cases of *O'Callaghan v. O'Callaghan*, 69 Ill. 552, 554, and *Herrington v. Cassem*, 82 Ill. App. 594, 597, 598.

We are further of the opinion that the order adjudging the defendant in contempt of court and sentencing her to imprisonment was erroneous because the order directed the defendant to be imprisoned for a definite period, namely, five days.

In the case of *Eastman v. Dole*, 213 Ill. App. 364, in considering an order imposing punishment on the respondent for a civil contempt, the court said (pp. 369, 370): "It is, therefore, improper in such a case to impose a fine or a definite term of imprisonment 'as a punishment' for noncompliance with the terms of the original order. * * * Any order prescribing a fine or imprisonment, or both, in a case of civil contempt should be made conditional upon compliance with the terms of the original order."

In considering the question of the validity of the order we have assumed that the municipal court had the power under section 64 of the Municipal Court Act to imprison the defendant for failure to make the payments to the bailiff. We are of the opinion, however, that the municipal court has no such power in the case at bar. The payments in question were to be applied on a judgment at law which the plaintiff had obtained against the defendant. In making the

payments the defendant would be merely paying the judgment. The record does not present a case where the defendant has been guilty of fraud, or has refused to deliver up her estate for the benefit of her creditors. The case shown by the record is only one where the defendant has failed to pay a judgment at law. We are of the opinion that section 64 does not authorize the court to imprison a defendant in such a case. In the case of *Baronski v. Shust,* 218 Ill. App. 8, 10, in construing section 64, the court said, in an opinion by Mr. Justice McSurely, that the proceedings under this statute are in derogation of the common law and that the statute must be strictly construed. If section 64 did contain a grant of power authorizing the court to imprison the defendant in a case such as the one at bar, the grant would be in violation of section 12 of article II of the Constitution in regard to imprisonment for debt. The only source from which the municipal court could derive the power to imprison the defendant in the case at bar would be the common law. *People v. Cohen, supra* (pp. 118, 119). But at common law a court has no inherent power to imprison a defendant merely for failure to pay a judgment at law.

In the case of *Goodwillie v. Millimann,* 56 Ill. 523, which was a suit in equity, the court said (p. 526): "We fail to perceive any more reason for declaring a party in contempt for failing to pay a money decree than he would be for refusing to pay a judgment at law."

In considering the question of imprisonment as a means of enforcing money decrees and judgments, it may be well to recur to the principles of freedom announced in the case of *Goodwillie v. Millimann, supra,* as follows (pp. 525, 526):

"In a large class of money decrees the constitution has prohibited imprisonment, unless there is fraud on the part of the debtor, or he shall refuse to surrender his property for the satisfaction of his

debts. When such a regard is shown by the people, in adopting the fundamental law, for the liberty of the citizen, the remedy of enforcing decrees by imprisonment should be limited to cases of necessity only, in accordance with the spirit that dictated the constitutional restriction.''

The order of the municipal court is reversed.

*Reversed.*

McSurely P. J., and Matchett, J., concur.